**UNITED STATES of America ex rel. Bernard CHEEKS**

v.

**Arthur P. PRASSE, Commissioner of Corrections, State Correctional Institution of Camp Hill, Pennsylvania.**

**Misc. No. 3415.**

United States District Court
E. D. Pennsylvania.

Dec. 9, 1966.

---

E. K. Nichols, Jr., Philadelphia, Pa., for petitioner.

No appearance for defendant.

## MEMORANDUM AND ORDER SUR PETITION FOR A WRIT OF HABEAS CORPUS

JOHN W. LORD, Jr., District Judge.

The relator, Bernard Cheeks, is presently confined at the State Correctional Institution at Camp Hill, Pennsylvania, serving a life sentence upon conviction on a charge of first degree murder. In his petition, he asserts that he was deprived of certain Sixth Amendment guarantees in his State court trial. Specifically, he complains that the statements of two co-defendants were used by the State in securing his conviction without the parties ever having been produced for cross-examination.

The allegations in the petition are significant, and ordinarily the Court would inquire into their merits. See e. g. Douglas v. State of Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934

(1965); cf. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). However, it is evident from the face of the petition that the relator has not exhausted available State remedies, and, for this reason, the petition will not be entertained at this time.

The facts bearing on the issue of exhaustion are somewhat unusual. Relator was convicted in 1963. Thereafter, a timely appeal was filed which asserted numerous violations of relator's Constitutional rights. Those questions are fully set forth in the opinion of Mr. Justice Eagen of the Pennsylvania Supreme Court, filed on September 27, 1966 (Commonwealth of Pennsylvania v. Cheeks, 423 Pa. 67, 223 A.2d 291 (1966)). It is sufficient for our present purpose, however, to point out that the question of the relator's right to confront and cross-examine his co-defendants as to their statements was not included initially in the appeal. This issue was raised for the first time in the petition for re-argument filed on October 4, 1966, which was denied.

Consequently, in order to rule that the relator had thereby exhausted his available State remedies, it would be necessary to equate the refusal to entertain re-argument with a ruling on the merits of relator's belated assertions. This we refuse to do, especially where, as here, re-argument was refused with only two words: "re-argument denied."

■ Rule 71 of the Pennsylvania Supreme Court rules sets forth the requirements for re-argument. A reading of the rule discloses that its purpose is not to provide an avenue for the presentation of issues not raised in the brief or at argument, but, instead, to facilitate the correction of any errors on the part of the court. It reads, in pertinent part, as follows:

"The petition must specify particularly the point supposed to have been overlooked or misapprehended by the Court, * * *."

Moreover, counsel's excuse for not presenting the question of confrontation and cross-examination in the brief is unsatisfying. He asserts merely that he "did not feel that the cost of re-printing briefs to cover additional specific grounds for reversal was a justifiable or necessary expense to be borne by the taxpayers of the Commonwealth." (P. 2, Petition for Re-Argument, Oct. 4, 1966.) Although counsel's desire to advance the economical administration of justice is commendable, it is difficult to accept the implication that a good faith and orderly effort to present the issue independently of the printed brief would have been rewarded with resistance. Especially is this so in light of the fact that the relevant authorities were decided after printing of the brief had commenced.

■ In so concluding, the Court does not suggest the necessity of duplicating efforts. Where a petitioner has duly raised the relevant grievance on appeal, and the courts of the State have been afforded an opportunity to rule on the merits in a procedurally acceptable fashion, this Court will not hesitate to accept jurisdiction. See Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); cf. United States ex rel. Durocher v. LaVallee, 330 F.2d 303 (2nd Cir. 1964); Evans v. Cunningham, 335 F.2d 491 (4th Cir. 1964). However, State courts are not required to rule on every alleged infringement, regardless of the manner in which it is presented. In the view this Court takes, the issue of possible Sixth Amendment violations in relator's trial has not been duly presented to the State courts. Accordingly, the petition will be dismissed without a hearing. In so ruling, the Court expresses no opinion whatever on the merits. When the State court has had an opportunity to dispose of the matter on the merits, the relator may, if necessary, re-file his petition in this Court, at which time the Court will consider the matter.

And now, to wit, this 9th day of December, A.D. 1966, it is ordered that the petition of Bernard Cheeks for a Writ of Habeas Corpus be and the same is hereby denied without a hearing.