Bernard H. **CHEEKS**

v.

**CITY AND COUNTY OF PHILADEL-PHIA, PENNSYLVANIA, et al.**

Civ. A. No. 69–2185.

United States District Court,
E. D. Pennsylvania.

Aug. 5, 1971.

Bernard H. Cheeks, pro se.

Murray C. Goldman, Asst. City Sol., Philadelphia, Pa., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

JOHN W. LORD, Jr., Chief Judge.

The above-entitled civil rights case was tried by this Court sitting without a jury on July 27, 1971. The Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. The plaintiff filed the above-entitled civil rights complaint on October 15, 1969 alleging that the above named defendants conspired to falsely imprison plaintiff by (1) depriving him of his right to remain silent, (2) depriving him of his right to counsel, (3) coercing a confession from him, (4) using fabricated confessions of codefendants, (5) using perjured testimony of codefendants, (6) denying him the right to cross-examine and (7) introducing his coerced confession into evidence. The plaintiff has demanded $250,000.00 in money damages.

2. On October 11, 1963, one Jo Henry Howell was robbed and stabbed by four youths.

3. On October 18, 1963, Howell died.

4. On October 24, 1963, plaintiff and three confederates were arrested in connection with the Howell murder.

5. On May 22, 1964, plaintiff was convicted of murdering Howell and sentenced to life imprisonment.

### . CONCLUSIONS OF LAW

1. A claim of false imprisonment under the color of state law, which alleges the deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States, does state a cause of action under the Civil Rights Act, 42 U.S.C.A. § 1983. State of Tenn. ex rel. Davis v. Hartman, 306 F.Supp. 610 (E.D.Tenn.1969).

2. Plaintiff's cause of action under the Civil Rights Act is barred by the statute of limitation in that the last alleged act of the conspiracy took place on the day plaintiff was convicted, i. e. May 22, 1964 and the plaintiff filed his civil rights complaint on October 15, 1969. The statute of limitation under the Civil Rights Act is controlled by the applicable state law. The Commonwealth of Pennsylvania recognizes false imprisonment as a common law tort with the applicable two year statute of limitation. 12 P.S. § 34. Hileman v. Knable, 391 F.2d 596 (3rd Cir. 1968); Henig v. Odorioso, 385 F.2d 491 (3rd Cir. 1967), cert. denied, 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166, rehearing denied 391 U.S. 929, 88 S.Ct. 1814, 120 L.Ed.2d 671 (1968); P.L.E. False Imprisonment § 5; and Rhoads v. Reading Co., 83 Pa.Dist. & Co.R. 168 (1954). Therefore, plaintiff's action is barred.

3. Notwithstanding the statute of limitation, neither the City and County of Philadelphia nor the Juvenile Aid Bureau of the County of Philadelphia are persons within the meaning of the Civil Rights Act. United States ex rel. Gittlemacker v. Philadelphia County, 413 F.2d 84 (3rd Cir. 1969).

4. Notwithstanding Conclusions of Law Nos. 2 and 3, none of the defendants (1) deprived plaintiff of his right to remain silent, (2) deprived him of his right to counsel, (3) coerced a confession from him, (4) used fabricated confessions of codefendants, (5) used perjured testimony of codefendants, (6) denied him the right to cross-examine, or (7) improperly introduced his confession into evidence. See Commonwealth v. Cheeks, 423 Pa. 67, 223 A.2d 291 (1966); United States ex rel. Cheeks v. Prasse, 261 F.Supp. 760 (E.D.Pa.1966); Commonwealth v. Cheeks, 429 Pa. 89, 239 A.2d 793 (1968); and United States ex rel. Cheeks v. Russell, 424 F.2d 647 (3rd Cir. 1970), cert. denied, 400 U.S. 994, 91 S.Ct. 465, 27 L.Ed.2d 442 (1971).