Daniel TILLI, Plaintiff,

v.

COUNTY OF NORTHAMPTON and
Alfred T. Williams, Jr.

Civ. A. No. 73–2823.

United States District Court,
E. D. Pennsylvania.

Jan. 22, 1974.

Andrew L. Herster, Jr., County Sol., Easton, Pa., for defendants.

Daniel Tilli pro se.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

This is a Civil Rights action brought under 42 U.S.C. § 1983 by Daniel Tilli against two defendants, the County of Northampton and Judge Alfred T. Williams, a Judge in and of that county. Both defendants have filed a motion to dismiss on the grounds of (1) immunity, (2) res judicata, (3) mootness and (4) failure to state a claim upon which relief can be granted. Since the action can be disposed of on the grounds of immunity, we need not consider the other three grounds.

1. *Suit Against the County of Northampton.*

The plaintiff claims that immunity has been abolished in Pennsylvania, and the defendants claim that it still exists. However, after examining all the briefs in this case, it appears that the parties are arguing at cross-purposes.

It is important to draw the distinction between sovereign immunity and governmental immunity. Sovereign

immunity applies to the Commonwealth and its instrumentalities, and such immunity still exists in Pennsylvania Brown v. Commonwealth of Pennsylvania, 453 Pa. 566, 305 A.2d 868 (1973). Governmental immunity applies to political subdivisions created by the State Legislature, that is, municipal corporations (cities and boroughs) and quasi-corporations (counties, townships, and school districts). It is this type of immunity which has been abolished in Pennsylvania. Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A.2d 877 (May 23, 1973). The federal courts have recognized this distinction, and in the case of sovereign immunity, have ruled that they lack jurisdiction to entertain suits against the Commonwealth and its instrumentalities. Seybold v. Gunther, C.A. No. 72–1791, July 20, 1973, per Bechtle, J. See also "S566 Proposed Changes in the Law of Sovereign Immunity," a forthcoming article in 6 Law & Policy in Intern. Business, Issue No. 1.

In the present case, the defendant is the County of Northampton, and therefore its immunity—governmental immunity—has been abolished.

 However, immunity as such is completely irrelevant to this case. These rules of immunity are matters of State Law,* and the Civil Rights Act is a matter of Federal law State Law immunity is not binding on a Federal Court in an action brought under the Civil Rights Act, 42 U.S.C. § 1983. This section gives a cause of action against any "person" who deprives another of a Federal right, privilege, or immunity. Therefore the relevant inquiry is not whether the county has immunity, but whether the county is a "person" within the meaning of § 1983. Dale v. Hahn, 440 F.2d 633, 637 (1971). The Federal Courts have uniformly held that a county is not a "person" under § 1983, and is therefore not subject to suit. Mason v. Delaware County, 331 F.Supp. 1010, 1017 (E.D.Pa.1971), per Van Artsdalen, J.; Cheeks v. City and County of Phila., 329 F.Supp. 404 (E.D.Pa.1971), per Late John W. Lord, Jr., Chief Judge; Cross v. Board of Supervisors of San Mateo County, 326 F.Supp. 634 (N.D.Calif. 1968), affirmed, 442 F.2d 362 (9th Cir. 1971). For a case in which a county is merged with a city, see United States ex rel. Gittlemaker v. County of Phila. et al., 413 F.2d 84 (3rd Cir. 1969).

Therefore this action must be dismissed as to defendant Northampton County.

2. *Suit against Judge Alfred T. Williams.*

 The defendants' brief incorrectly argues that Judge Williams is protected by the Doctrine of Sovereign Immunity. However, he is protected by the Doctrine of Judicial Immunity. Thus he is immune from liability for damages under the Civil Rights Act. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1966), cert. denied 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967); *Mason, supra,* 331 F.Supp. at p. 1017.

### ORDER

And now, this 22nd day of January, 1974, for the reasons stated in the foregoing Memorandum, the defendants' Motion to Dismiss is hereby granted.

---

* Note that the parties have been referring to the State doctrine of Sovereign Immunity, and not to the Federal doctrine of Sovereign Immunity as guaranteed under the Eleventh Amendment. The latter also is irrelevant to this case. *Seybold, supra.*