Sandra **WETZEL** and **Mari Ross**, on behalf of themselves and all others similarly situated, **Plaintiffs**,

v.

**LIBERTY MUTUAL INSURANCE COMPANY, a corporation, Defendant.**

Civ. A. No. 72–169.

United States District Court, W. D. Pennsylvania.

June 20, 1978.

See also 449 F.Supp. 397.

■■■■■■■■■■■■■■■■■■■■

Howard A. Specter, Litman, Litman, Harris & Specter, Robert F. Stone, Fine, Perlow & Stone, Pittsburgh, Pa., for plaintiffs.

Kalvin M. Grove, Lederer, Fox & Grove, Chicago, Ill., Robert A. Penney, Boston, Mass., Clem R. Kyle, Pittsburgh, Pa., for defendant.

Milton A. Smith, Gen. Counsel, Richard B. Berman, Chamber of Commerce of the U. S., Washington, D. C., George Smetana, Laurence D. Ehrlich, Julian D. Schrieber, Chicago, Ill., Walter P. DeForest, III, Pittsburgh, Pa., amicus curiae for defendants.

Beth L. Don, EEOC, Washington, D. C., James F. Bennett, EEOC, Pittsburgh, Pa., amicus curiae for plaintiffs.

## MEMORANDUM ORDER

GERALD J. WEBER, Chief Judge.

For purposes of facilitating discovery on damages and settlement negotiations, the defendant has asked this court to rule on any possible time limit applicable to liability for damages as determined in our earlier opinion, D.C., 449 F.Supp. 397. Title VII, the general statute prohibiting discrimination on the basis of (inter alia) sex, became effective on July 2, 1965. Plaintiffs first filed their charges before the EEOC in May of 1971. The Complaint in this court was filed in February of 1972. Plaintiffs contend that the relevant statute of limitations[1] is the six year Pennsylvania statute for limiting actions for trespass other than personal bodily injury contained in 12 P.S. § 31. Plaintiffs also point out that the remedy in cases of sex discrimination should be consistent with that in cases where racial discrimination in employment is claimed under 42 U.S.C. Section 1981 and the majority approach in Federal cases in Pennsylvania is to use this six year statute in those cases.

The defendant argues that its damages should be limited either by the new four year Pennsylvania limitation on contract damages or by the two year damage limitation period which limits the remedies under the Pennsylvania equivalent of the Equal Pay Act, 43 P.S. § 336.3. Finally, the defendant argues that the Third Circuit Court of Appeals in Wilson v. Sharon Steel Corporation, 549 F.2d 276 (3d Cir. 1977) did not mandate application of the Pennsylvania six year statute of limitations, and the better approach would be to apply the two year statute contained in 12 P.S. § 34, applicable to injuries "done to the person".

■■■ First of all we note our conclusion that changes in the Pennsylvania statute of limitations in 1978, substantially after the filing of either the EEOC charge or the complaint in this suit are irrelevant and cannot be effective to limit the period for which plaintiffs may collect damages. Our problem then is to determine which of the statutes cited by the parties is most nearly analogous to Title VII. Defendant argues that the most nearly analogous statute is that which applies in Pennsylvania Equal Pay Act cases, 43 P.S. §§ 336.3 and 336.5. However, that section applies only to discrimination on the basis of sex and its application would therefore lead to anomalous results. We believe that Title VII and the facts in this case establish claims much broader than that of the equal pay case. The discrimination in employment for which we have held this defendant liable involves first of all segregation of jobs by sex, and secondarily the conclusion that those jobs were different in title but not in substance.

Having rejected defendant's argument that 43 P.S. § 336.5 should control in this case, we must then choose between the two year and six year statute of limitations discussed above. The leading case in point is Wilson v. Sharon Steel Corporation, supra. In Wilson, a case brought under Section 1981, the Third Circuit reversed the

1. Throughout this Memorandum Order, we are using the term "statute of limitation" to mean a point at which plaintiffs' right to damages is terminated rather than in the sense of time bar to a cause of action.

District Court's dismissal which had been based on the two year statute of limitations. However, the Court of Appeals did not hold that the six year statute of limitations was necessarily the only statute that could be applied in such cases. Instead it remanded the case to the District Court for reconsideration in light of its discussion of Pennsylvania authorities. In spite of this we agree with the Court in *Webb v. Westinghouse Electric Company,* —— F.Supp. —— (1978) (E.D. of Pa.), that the six year statute of limitation should be applied. We can perceive no difference between an action brought under Title VII or one brought under § 1981 in this kind of factual situation. We shall apply a six year period of limitations, calculating from the date of plaintiffs' EEOC filing in May 1971. Therefore we conclude that plaintiffs are entitled to damages in this case from the effective date of Title VII.

The defendant also cites passages in our prior opinion wherein we discussed and apparently accepted without question the defendant's claim that the jobs in question were changed sometime in 1971 and were substantially dissimilar thereafter. In making those comments we did not intend to make a finding of fact which would limit the damages of those plaintiffs who are also making a claim based on job segregation and denial of their rightful place. We do not need at this time to rule on whether plaintiffs' right to equal pay damages terminated in 1971. We will defer consideration of that point until such time as its resolution is necessary. Because the parties have agreed to continue discovery on damages on both the equal pay and on the rightful place theory, we believe that salary data of members of the plaintiffs' class who continued in defendant's employ after 1971, and up until the present time is subject to discovery at this time.

The Court intends this Memorandum Order to guide the parties in resolving outstanding and foreseeable discovery problems.