421 A.2d 825

**Donald G. MARKLEY and Margaret Markley, Husband and Wife, Appellants,**

v.

**Angelo J. LOPRESTI.**

Superior Court of Pennsylvania.

Argued March 10, 1980.

Filed Sept. 5, 1980.

Preston W. Moritz, Nazareth, for appellants.

Edmund G. Hauff, Allentown, for appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

PER CURIAM:

AND NOW, this 5th day of September, 1980, Donald G. Markley and Margaret Markley, husband and wife, their heirs and assigns, are enjoined from using the easement set forth in the deed of George and Sabrina Stofflet to Benjamin Stofflet, dated April 4, 1887 and recorded in the office of the Recorder of Deeds in Northampton County in Deed Book F, Volume 19, Page 13 which deed provides:

> "RESERVED, however, nevertheless a private road of one perch in width from the public road as it now is into the land sold to Benjamin Stofflet, the same to be and remain at all times hereafter for the express use of said Benjamin Stofflet, his heirs and assigns, said road to have a gate at the public road which must be made IN GOOD REPAIR BY THE SAID BENJAMIN STOFFLET, HIS HEIRS AND ASSIGNS, or the said road to be fenced out and the fence kept in good repair by the said Benjamin Stofflet, his heirs and assigns for any other purpose than ingress and egress to the former Male tract; for additional property acquired by them."

A permanent injunction is hereby granted restraining and enjoining the appellants, Donald G. Markley and Margaret Markley, their agents, servants, employees and all those attempting to utilize the said lane for ingress and egress to the horse stable, barn, and arena located on additional property acquired by appellants, Donald G. Markley and Margaret Markley.

A permanent injunction is hereby granted restraining and enjoining the appellants, Donald G. Markley and Margaret Markley, their agents, servants, employees and assigns from utilizing the above described lane across the property of Angelo J. Lopresti for the purpose of ingress and egress to property not consisting of the original Benjamin Stofflet property and specifically enjoining those using said lane for the purpose of constructing and improving the land acquired by appellants from Lester Kilbanks and his wife on May 24, 1972 by Deed Book 428, Page 115 for the subdivided lots and other properties belonging to the appellants, Donald G. Markley and Margaret Markley.

The easement may be used, however, by Wayne Jones, future owners of the subdivision located on the Male tract, and other occupants of the Male tract.

SPAETH and VAN der VOORT, JJ., concur in the result.