Calvin HENDERSON, Plaintiff,

v.

Michael D. FISHER, Robert Zunich, Edward Foster, The University of Pittsburgh, John Pope and David Lichtenstein, Defendants.

Civ. A. No. 78–387.

United States District Court,
W. D. Pennsylvania.

Jan. 28, 1981.

Jon Hogue, Pittsburgh, Pa., for plaintiff.

Dennis R. Biondo, Pittsburgh, Pa., for defendants Fisher, Zunich and Foster.

Robert B. Marcus, Pittsburgh, Pa., for defendants Lichtenstein and Pope.

Frederick Egler, Reed Smith Shaw McClay, Pittsburgh, Pa., and Matthew E. Jackson, Jr., Pittsburgh, Pa., for University of Pittsburgh.

## OPINION

WEBER, Chief Judge.

This is a civil rights action brought by a state prisoner against his privately retained attorneys, two assistant district attorneys and the University of Pittsburgh.

The plaintiff was arrested in October of 1973 by three University of Pittsburgh campus police officers and taken to a local police station. There he was charged with kidnapping, involuntary deviate sexual intercourse, aggravated assault and criminal attempt. At the time of his arrest, which occurred shortly after the commission of the crime, the clothes worn by the plaintiff did not match those described by the victim as belonging to her assailant. Thus the plaintiff's clothing constituted exculpatory evidence; evidence which challenged the victim's identification of the plaintiff.

While the plaintiff was in police custody the clothing he was wearing at the time of arrest was seized and locked in an evidence locker. On the morning of the plaintiff's trial these clothes were removed from the locker by one of the campus police officers. The clothes were never returned to the court, nor were they presented into evidence at the plaintiff's trial. On May 9, 1974 the plaintiff was tried and convicted in the Court of Common Pleas of Allegheny County.

On April 12, 1978 the plaintiff filed a pro se complaint in this court.[1] In his complaint the plaintiff alleged that his attor-

neys, the assistant district attorneys and the University of Pittsburgh campus police conspired to violate his civil rights by removing his clothing from the evidence locker and suppressing this exculpatory material.

The case was initially assigned to the United States Magistrate, who recommended that the complaint against the assistant district attorneys be dismissed because they were immune from suit. The magistrate also recommended dismissal of the complaint against the private attorneys and the University police, on the grounds that the state action requirement of 42 U.S.C. § 1983 was not met. This court dismissed the complaint as to all defendants and the plaintiff appealed.

On appeal it was held that this dismissal was improper with respect to the assistant district attorneys and the University of Pittsburgh campus police. Accordingly those dismissals were reversed and the case was remanded to this court for further proceedings. See *Henderson v. Fisher*, 631 F.2d 1115 (3d Cir. 1980).

Presently there are pending in this court several motions to dismiss the plaintiff's complaint.[2] In these motions the defendants argue, inter alia, that the plaintiff's complaint is untimely and is barred by the statute of limitations. We feel that the defendants' contentions on this issue are well taken. Accordingly we grant these motions to dismiss.

■ The Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq., contains no specific provision prescribing time limits for bringing civil actions to redress violations of civil rights. Therefore in this case we shall rely

---

1. The plaintiff's initial complaint was brought under the Tort Claims Act, 28 U.S.C. § 2671 et seq. This complaint is properly brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. In all prior proceedings this complaint has been treated as a civil rights complaint. Accordingly it is now being considered exclusively under the Civil Rights Act.

2. These motions have been filed on behalf of the assistant district attorneys, one of the private attorneys and the University of Pittsburgh.

Although the Circuit affirmed dismissal of the § 1983 claim against the plaintiff's privately retained attorneys, we have allowed the plaintiff, who is now represented by counsel, to amend his complaint to include the private attorneys under 42 U.S.C. § 1985 (Conspiracy to violate civil rights). Thus the plaintiff's private counsel in the criminal trial remain as defendants in this case. The University of Pittsburgh was also added as a party defendant in this amended complaint.

upon the state statute of limitations which governs those causes of action that are the mostly closely analogous to the acts alleged by the plaintiff in his complaint. See e. g., *Jennings v. Shuman*, 567 F.2d 1213 (3d Cir. 1977); *Hileman v. Knable*, 391 F.2d 596 (3d Cir. 1968).

In his complaint the plaintiff claims civil rights violations arising out of his arrest, trial, conviction and imprisonment. The substantive acts complained of are, therefore, clearly analogous to state actions for malicious prosecution, false arrest and false imprisonment. Under Pennsylvania law these actions are governed by a two year statute of limitations. See 42 Pa.C.S.A. § 5524(1) ("The following actions and proceedings must be commenced within two years; (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.") [3]

In this case the plaintiff was convicted in the Court of Common Pleas in May of 1974. He did not file this action until April of 1978, almost four years later. Therefore, applying the appropriate Pennsylvania statute of limitations, we conclude that this action was not timely filed and falls under the bar of the statute.

In its response to these motions the plaintiff seeks to escape the bar of the statute of limitations by arguing that a six year statute should be applied in this case. In support of this position the plaintiff argues that his complaint essentially alleges a civil conspiracy to violate his rights. In such a case, the plaintiff contends that the six year Pennsylvania statute would apply. See 42 Pa.C.S.A. § 5527. See also, *Davis v. United States Steel Supply*, 581 F.2d 335 (3d Cir. 1978); *Meyers v. Pennypack Woods Home*

*Owners Ass'n.*, 559 F.2d 894 (3d Cir. 1977); *Wilson v. Sharon Steel Corp.*, 549 F.2d 276, (3d Cir. 1977); *Wetzel v. Liberty Mutual Insurance Co.*, 451 F.Supp. 967 (W.D.Pa. 1977).

We are unpersuaded by the plaintiff's argument. At the outset we note that those cases relied upon by the plaintiff involved conduct which was markedly different in kind from that presented in the instant case.[4] Therefore, these cases in no way control the disposition of the motions pending before us.

Rather we believe that *Ammlung v. City of Chester*, 494 F.2d 811 (3d Cir. 1974) is entirely dispositive of the contentions raised by the plaintiff in its response to these motions to dismiss. In *Ammlung* the plaintiff was suing on behalf of her son, who had died while being illegally held by the Chester police. In her complaint the plaintiff alleged the following violations of her son's civil rights: illegal arrest, false imprisonment, illegal search and seizure, assault and battery, criminal negligence, cruel and unusual punishment, and violations of due process. The district court granted the defendants' motions to dismiss on the ground that the action was barred by Pennsylvania's one and two year statutes of limitations and the plaintiff appealed.

On appeal, however, the court affirmed this dismissal, holding that the district court had applied the proper statutes of limitations. The court also specifically addressed and rejected the contention that the six year limitation should apply, stating:

> Moreover, even if the plaintiff had pleaded conspiracy, this action would still be barred by the statute of limitations. The Pennsylvania statute of limitations per-

---

**3.** Pennsylvania's statute of limitations has been amended since the time of the filing of this suit. These changes do not affect the result we reach today, however, because even under the former statute of limitations the plaintiff's complaint would be untimely. *Compare* 12 P.S. § 31, § 34, with 42 Pa.C.S.A. § 5524.

**4.** *Wilson* and *Davis* both involved civil rights complaints arising in the context of contractual breaches. In *Meyers* the essential elements of

the plaintiff's civil rights claim related to tortious interference with contractual relationships. *Wetzel* dealt with sex discrimination in employment and therefore was a fundamentally contractual claim. In these cases the six year statute was appropriate. It would not be appropriate to a suit involving the type of claims presented by the plaintiff in this case, however. Compare 42 Pa.C.S.A. § 5524(1) with 42 Pa.C.S.A. § 5527.

taining to the substantive offense most closely related to that which the defendants were alleged to have conspired to commit would govern. *Auld v. Mobay Chemical Co.*, W.D.Pa.1969, 300 F.Supp. 138; *Gaito v. Strauss*, W.D.Pa.1966, 249 F.Supp. 923, aff'd 3 Cir. 1966, 368 F.2d 787; *see Jones v. Bombeck*, 3 Cir. 1967, 375 F.2d 737. Under Pennsylvania law, the statute of limitations with respect to a conspiracy begins to run from each overt act causing damage. *Auld v. Mobay Chemical Co.*, supra. Since all the acts complained of by appellant occurred more than two years before the filing of this civil rights action, the relevant one-year and two-year state limitation provisions which apply to the substantive offenses would still bar this action even if conspiracy had been pleaded. We therefore hold that the district court applied the proper statutes of limitations. *Id.* at pp. 814–815.

See also, *Polite v. Diehl*, 507 F.2d 119 (3d Cir. 1974); *Howell v. Cataldi*, 464 F.2d 272, (3d Cir. 1972), (Civil rights claim of "cruel and unusual punishment", held two year statute of limitation applied); *Hileman v. Knable*, 391 F.2d 596 (3d Cir. 1968), (Civil rights complaint involving false arrest; held, one year statute of limitations applied); *Funk v. Cable*, 251 F.Supp. 598, (M.D.Pa.1966); *Conard v. Stitzel*, 225 F.Supp. 244 (E.D.Pa.1963).

■ We see no reason why this case would call for any different conclusion. On this record we can see no reason for concluding that the operation of the statute of limitations has in any way been tolled. Specifically we note that the mere fact that the plaintiff has been incarcerated does not, under Pennsylvania law, serve to toll the statute. See *Hooper v. Guthrie*, 390 F.Supp. 1327 (W.D.Pa.1975). Furthermore, although the defense of statute of limitations can be waived, we find no evidence of waiver on this record. The assistant district attorneys properly raised this defense in their original answer to the plaintiff's pro se complaint. As for the privately retained counsel and the University, they raised the statute of limitations in their responses to the plaintiff's amended complaint. Since these parties were brought into this lawsuit only after the plaintiff amended its complaint, see Note 2 *supra*, we feel that their responses are also timely.

Accordingly, we will grant the defendants' motions to dismiss on the ground that the statute of limitations bars the plaintiff's claim.

■ The case will be dismissed as to all parties for want of prosecution because there is no evidence that plaintiff has caused process to be served or has moved for default against any party named in the caption who has failed to respond.