**MOVE ORGANIZATION**

v.

**CITY OF PHILADELPHIA et al.**

Civ. A. Nos. 80–3129, 80–3133.

United States District Court,
E. D. Pennsylvania.

Feb. 2, 1981.

Methuselah Z. O. Bradley, IV, Philadel-phia, Pa., for plaintiff.

Jay E. Plunk, Jr., Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

GILES, District Judge.

The amended complaint in these civil rights actions raises serious procedural and jurisdictional deficiencies. The substance of these suits has been summarized in my Memorandum and Order dated October 28, 1980. Before addressing the problems in the amended complaint, I shall briefly relate the procedural history.

## I. PROCEDURAL HISTORY

### A. *Jurisdiction*

The original complaints contained no jurisdictional allegations. I ordered plaintiffs to correct this problem. Order, dated October 28, 1980, ¶ 2. The Amended Complaint, ¶ 4, alleges that: "This Court has jurisdiction under the Provisions of Section 1332, Title 28, United States Code." However, the only related averments are that all plaintiffs, as well as all defendants, reside in Philadelphia, *id.* ¶¶ 3, 6–7. The amended complaint also alleges jurisdiction under 28 U.S.C. § 1343.

### B. *Amendment of the Complaints*

The original complaint in No. 80–3129, filed August 8, 1980, was accompanied by a motion for leave to appear *in forma pauperis.* (Inexplicably, the identical plaintiffs in No. 80–3133 filed no such motion, and paid the filing fee.) Accordingly, the lower-numbered matter was referred to a magistrate, *see* 28 U.S.C. § 636, who recommended granting the motion and dismissing parts of the action as frivolous. Plaintiffs did not object to Magistrate Naythons' well-reasoned report, and I adopted it on September 19, 1980. *See id.* § 636(b)(1). Over one month later, plaintiffs moved for leave to amend both complaints, possibly to reintroduce the conspiracy counts that had been dismissed. *See* Memorandum of Plaintiff, filed October 22, 1980, at 1. The proposed amendment purportedly was attached to the motion. In fact, it was missing. Therefore, I denied the motion without prejudice. Order dated October 30, 1980. Plaintiffs have not renewed the motion.

Apparently in response to the order to amend to allege jurisdiction, plaintiffs filed an amended complaint bearing the docket numbers of both actions. In addition to including jurisdictional allegations, the amended complaint differs considerably from the originals. The amended version drops many defendants, *i. e.*, the Society for Prevention of Cruelty to Animals, the Philadelphia Daily News, two Daily News reporters, the late Judge DiBona, the Department of Welfare, Superintendent of Prisons Edward Lyons, and former City Solicitor Sheldon Albert. Also, it drops many counts, contains new allegations, *e. g.*, gross negligence, racial discrimination, and adopts a new format.

### C. *Motions to Dismiss*

The original complaints were filed on August 8, 1980. All defendants in both actions moved to dismiss. The defendants in No. 80–3129 and the City defendants in No. 80–3133 filed motions on September 12. The other defendants in No. 80–3133 previously had moved to dismiss on September 4, 1980. Answers to the City's motions were originally due on September 22, 1980. *See* E.D.Pa.R.Civ.Pro. 20(c) (10 days for hand-served motion). The other answers were due on September 17, 1980. *Id.* (13 days for mail-served motion). *See also* Fed.R.Civ. Pro. 4(e) (3 extra days for mail service). No answer was filed within the original time. I then approved stipulations extending the time to answer the motions in 80–3133 until September 27, 1980. No answer was filed within the extended time period.

Two attempts were made to secure further extensions. An undated, unsigned petition for extension in No. 80–3133, filed on October 20, 1980, was stricken on November 7, 1980, pursuant to Fed.R.Civ.Pro. 7(b)(2) and 11. Order dated November 7, 1980, ¶ 1. In response to a letter from counsel dated October 22, 1980, I ruled that any application for relief must be by motion complying with the federal and local rules. *See* Fed.R. Civ.Pro. 7(b)(1) (application for order "shall be by motion"). No such motion was filed. In short, although answers to the original dismissal motions were due over three months ago, plaintiffs have neither answered, nor properly moved for an extension.

Following the filing of the amended complaint, the City defendants renewed their motion to dismiss. The new motion asks for dismissal on the same basis as the prior motion and on the basis that the amended complaint was filed in violation of the Federal Rules of Civil Procedure. The response to this motion is not yet due.

## II. DISCUSSION

The court is now faced with a possible jurisdictional problem and several motions

to dismiss. By court order, plaintiffs have included jurisdictional allegations in their complaint. Amended Complaint ¶¶ 4–5. However, the amended complaint is patently insufficient to support jurisdiction under 28 U.S.C. § 1332. The only related pleading, that is, that all parties reside in Philadelphia, is totally irrelevant to citizenship, except to demonstrate that the statute was not read before it was pleaded. Jurisdiction, however, is proper as alleged under 28 U.S.C. § 1343(3).

█ The City's renewed motion to dismiss argues that the amended complaint violates Fed.R.Civ.Pro. 15(a). Rule 15(a) allows a party to "amend his pleadings once as matter of course at any time before a responsive pleading is served." Although all defendants have moved to dismiss, none has answered the complaint. A motion to dismiss is not a responsive pleading, *e. g., Kelly v. Delaware River Joint Commission,* 187 F.2d 93, 94 (3d Cir.), *cert. denied,* 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614 (1951); *see* Fed.R.Civ.Pro. 7(a), and does not cut off plaintiffs' right to amend as a matter of course. *See, e. g., Nolen v. Fitzharris,* 450 F.2d 958, 958–59 (9th Cir. 1971); *Kelly,* 187 F.2d at 94; *Gipson v. Township of Bass River,* 82 F.R.D. 122, 124–25 (D.N.J.1979); 3 *Moore's Federal Practice* ¶ 15.07[2], at 15–45 to 47 (1980); 6 C. Wright & A. Miller, *Federal Practice and Procedure* Civil § 1483, at 411–16 (1971). The amended complaint therefore must be allowed, and the portion of the City's renewed Motion to Strike and/or Dismiss relying on a purported violation of Rule 15(a) must be denied.

█ The original motions to dismiss have gone unanswered. No proper motion for an extension has been filed. Therefore, I can treat the motion as uncontested. *See* E.D.Pa.R.Civ.Pro. 20(c). However, granting the motions in entirety as technically unopposed may be inappropriate in light of the numerous post-motion filings.[1] The amended complaint, however, demonstrates that, for portions of the motions, absence of opposition is more than technical. Many of the named defendants in the original complaint have vanished from the amendment. As to those former defendants, I shall grant the motions to dismiss forthwith as being unopposed.

Action on motions of the remaining defendants to dismiss shall be postponed until after the deadline for plaintiffs' reply to the latest motion.

---

1. Because plaintiffs appear for themselves and are represented by counsel, they have "hybrid" representation to which they are not entitled under 28 U.S.C. § 1654. *See, e. g.,* United States v. Daniels, 572 F.2d 535, 540 (5th Cir. 1978); United States v. Hill, 526 F.2d 1019, 1024–25 (10th Cir. 1975), *cert. denied,* 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976). I therefore ordered that all plaintiffs' filings be made by their attorney of record. Order dated October 16, 1980. (Some papers have been docketed in violation of that order, but no filing was disregarded simply because it was made by plaintiffs *pro se.*) Although plaintiffs are entitled to represent themselves, 28 U.S.C. § 1654, they have never made an unequivocal waiver of representation by counsel, *see, e..g.,* Chapman v. United States, 553 F.2d 886, 892–93 (5th Cir. 1977); United States v. Jones, 514 F.2d 1331, 1334 (D.C.Cir.1975); Meeks v. Craven, 482 F.2d 465, 466–68 (9th Cir. 1973), nor has counsel moved to withdraw. Counsel, as evidenced by filing of the amended complaint, continues to appear for plaintiffs. Thus, I continue to treat this as an attorney-represented, rather than a *pro se* case. *See also* Martinez-McBean v. Government of the Virgin Islands, 562 F.2d 908, 912–13 (3d Cir. 1977) (self-representation does not excuse compliance with rules).