MOVE ORGANIZATION, et al.

v.

CITY OF PHILADELPHIA, et al.

Civ. A. Nos. 80–3129, 80–3133.

United States District Court,
E. D. Pennsylvania.

Jan. 27, 1982.

Methuselah Z. O. Bradley, IV, Stephanie R. Bush-Wilson, Methuselah Bradley and Associates, Philadelphia, Pa., for plaintiffs.

Alan J. Davis, City Sol., Jay E. Plunk, Jr., Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM

GILES, District Judge.

Defendants move to dismiss this civil-rights action on many grounds. For the reasons which follow, the motion will be granted in two particulars, and otherwise denied.

After the original complaints were filed, defendants moved to dismiss. Instead of responding to the motion, plaintiffs, as is their right, amended the complaint. *See Move Organization v. City of Philadelphia,* 89 F.R.D. 521, 522–23 (E.D.Pa.1981) (denying motion to strike amended complaint). Defendants rejoined by refiling the same motion, which is now before me.

The amended complaint alleges constitutional violations in connection with the highly publicized arrests at Move headquarters on August 8, 1978. *Cf. Move Organization v. City of Philadelphia,* Civil Action No. 80–3129, slip op. at 1–3 (E.D.Pa. Oct. 28, 1980) (discussing original complaint). Although much of the complaint is less than clear, its claims of equal-protection and due-process violations are based on six alleged activities of defendants:

1. Use of firearms in shooting at plaintiffs, their children, and their pets, *see* Amended Complaint, ¶¶ 24, 25, 27;

2. Use of high pressure hoses on plaintiffs and their children, *see id.* at ¶¶ 21, 27;

3. Policy of brutality after plaintiffs' arrests, *see id.* at ¶¶ 19, 20, 26, 28, 29;

4. Taking of personal property at plaintiffs' arrest, *see id.* ¶ 26;

5. Demolition of Move's house, *see id.* at ¶ 22; and

6. Reckless or grossly negligent hiring, *see id.* at ¶ 23.

The complaint seems to say that the defendants who actually undertook these deeds acted under direct orders of their superior defendants.[1] The complaint also seems to allege a conspiracy among all defendants. *See, e.g.,* note 1 *supra.* The complaint also states that plaintiffs are black, Amended Complaint ¶ 9, and that defendants' actions were racially motivated. *Id.* at ¶ 29.

In light of these allegations, most of defendants' motion is simply unresponsive to the new complaint. I will, however, deal with the arguments which remain relevant in light of amendment.

First, defendants point out that under *Monell v. Department of Social Services,* 436 U.S. 658, 691–94, 98 S.Ct. 2018, 2036–37, 56 L.Ed.2d 611 (1978), liability of a municipal entity requires pleading of a policy or custom. *See, e.g., Crist v. City of Philadelphia,* Civil Action No. 81–1025, slip op. at 2 (E.D.Pa. Dec. 16, 1981). Defendants argue that because the complaint lacks any such allegation, the City of Philadelphia must be dismissed as a defendant. I agree with defendants' reading of the law. I also agree with their reading of this aspect of the complaint, which contains only vague, conclusory allegations.[2] According-

---

1. For example, ¶ 29 states that "Defendant Police Officers ... and Firemen did conspire under color of State Law with the implicit authorization, approval and/or acquiescence of Defendant City of Philadelphia, Mayor Frank Rizzo, Commissioner Joseph Rizzo, Commissioner Joseph O'Neill. Police Department and Fire Department [sic]."

2. *Compare* Amended Complaint, at ¶ 19 (city "implicitly authorized, approved, acquiesed [sic], and did conspire") *with e.g., Edmonds v. Dillin,* 485 F.Supp. 722, 725 (N.D.Ohio 1980) (statement that city "acted willfully, and/or maliciously and/or negligently and/or in reckless disregard for plaintiffs' right" failed to specify policy or custom). Also see, e.g., *DiGiovanni v. City of Philadelphia,* Civil Action

# 766

ly, the City, as well as the Police and Fire Departments, will be dismissed.[3]

■ Second, defendants argue that the claim is barred by limitations. The appropriate limitation period for all defendants is two years. *See, e.g., Skehan v. Board of Trustees of Bloomburg State College*, 590 F.2d 470, 476 (3d Cir. 1978); *cert. denied*, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979); *Henderson v. Fisher*, 506 F.Supp. 579, 581 (W.D.Pa.1981) (Weber, C.J.); 42 Pa.Cons.Stat.Ann. § 5524(1)–(4) (Purdon 1981). The cause of action arose on August 8, 1978. One complaint, No. 80–3133 was filed on August 8, 1980. It is clearly timely. The other complaint, No. 80–3129, was attached to a petition to appear in forma pauperis, *see* 28 U.S.C. § 1915, also filed on August 8, 1980. The complaint was docketed three days later when the petition was granted. Filing an in forma pauperis petition under 28 U.S.C. § 1915 with an accompanying complaint commences the action within the meaning of Fed.R.Civ.Pro. 3.[4] Thus, No. 80–3129 is deemed filed on August 8, 1980, and also is timely.

■ Third, defendants argue that plaintiffs have no property interest in the house in question. This argument is supported by copies of deeds showing that the property is owned by others. The deeds convert this aspect of the motion into a motion for summary judgment. Because the deeds are unrefuted, and plaintiffs point to no other property interest, there is no genuine dispute that plaintiffs had no property interest in the house. Its destruction therefore cannot deprive them of a constitutional right. This aspect of the claim also will be dismissed.

I have examined defendants' remaining contentions. Taking plaintiffs' allegations as true,[5] defendants' arguments are inadequate to overcome the test for motions for failure to state a claim. *See, e.g., Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The motion therefore is denied in all other respects.

■ Finally, I turn to two procedural matters. First, the pending complaint in this action is docketed in two actions. I see no reason to expend the court's resources on double-entry docketing. I therefore will dismiss No. 80–3133, allowing plaintiffs to proceed on all claims in No. 80–3129. Second, appearances currently are entered both for plaintiffs' attorneys[6] and for each plaintiff pro se. I already have pointed out that plaintiffs are not entitled to this "hybrid" representation, 89 F.R.D. at 523 n.1; *see also Joselson v. Lockhart-Bright Associates*, Civil Action No. 79–2560, slip op. at 5 (E.D.Pa. Jan. 14, 1982) (right of prisoner to pro se civil representation is limited) (Broderick, J.), and that I would treat this as an attorney-represented, rather than a pro se, case. 89 F.R.D. at 523 n.1. Consistent with this observation, which has drawn no objections, and to save the court and defendants the trouble of notifying thirteen parties of each action in this case, I shall order the pro se appearances stricken.

No. 81–3588, slip op. at 7–8 (E.D.Pa. Dec. 2, 1981) (Pollak, J.).

**3.** Thus, defendants' argument that the departments cannot be sued in their own names becomes academic. *See Edmonds v. Dillin*, 485 F.Supp. 722, 724 (N.D.Ohio 1980).

**4.** *See, e.g., Rosenberg v. Martin*, 478 F.2d 520, 522 n.1a (2d Cir.), *cert. denied*, 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); *Gardner v. King*, 464 F.Supp. 666, 670 (W.D.N.C.1979); *Allah v. Comm'r of Dep't of Correctional Servs.*, 448 F.Supp. 1123, 1127 (N.D.N.Y.1978);

*Ertner v. Mathews*, 24 Fed.R.Serv.2d 494, 494–95 (S.D.N.Y.1977).

**5.** For instance, plaintiffs state that Move is an unincorporated association. Defendants deny this, but their denial is unsupported by any affidavit. I therefore take the complaint as true for purposes of this motion.

**6.** Plaintiffs' attorneys are Methuselah Z. O. Bradley, IV, Stephanie R. Bush-Wilson, and the firm of Methuselah Z. O. Bradley, IV, and Associates.