**In re TRINA DEE, INC., a corporation, Debtor.**

**TRINA DEE, INC., a corporation, Plaintiff,**

v.

**TOWNSHIP OF PLAINFIELD, Northampton County, Elwood Brewer, Supervisor, Plainfield Township, William Donner, Supervisor, Plainfield Township, John A. Hauch, Supervisor, Plainfield Township, Richard T. Rutt, Consulting Engineer, Plainfield Township, Defendants.**

**Bankruptcy No. 81–00009 T.
Adv. No. 81–0243.**

United States Bankruptcy Court,
E. D. Pennsylvania.

March 15, 1982.

David F. Dunn, Allentown, Pa., for debtor.

Raymond J. DeRaymond, Easton, Pa., John Molnar, Bangor, Pa., and John G. Devlin, Norristown, Pa., for defendants.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This case is presented to the Court on defendants' motions to dismiss plaintiff's complaint and defendants' objections to plaintiff's application for leave to amend his complaint. For reasons hereinafter given, we will deny defendant's motions to dismiss and grant plaintiff leave to amend its complaint.[1]

## I. FACTS

The facts of the case are as follows: plaintiff, Trina-Dee, Inc. (hereinafter, Trina-Dee) purchased a lot on March 10, 1977, in the Hob Nob Hill subdivision from Donald and Margaret Markley. Hob Nob Hill is located in the Township of Plainfield (hereinafter, Plainfield). The subdivision had been approved by the township supervisors, defendants Elwood Brewer, William Donner and John A. Hauch (hereinafter, supervisors) on March 7, 1977. Defendant Richard T. Rutt (hereinafter, Rutt) drew up the subdivision plans for the Markleys and was township engineer in 1977. The plan indicates, by a "R/W", a right of way from Trina-Dee's lot across the property owned by Angelo Lopresti to Lefevre Road. The deed which Trina-Dee received from the Markleys purported to convey their interest in this right of way. However, the Markleys, and Trina-Dee as their successor in interest, were prohibited from using this right of way by *Markley v. Lopresti*, 280 Pa.Sup.Ct. 484, 421 A.2d 825, 1980. The Court held that Mr. Lopresti had never conveyed such a right of way to the Markleys.

There are no township or subdivision roads linking Trina-Dee's lot with established thoroughfares. Trina-Dee has alleged that the value of its real estate and improvements is impaired by the lack of roads or easement. It is Trina-Dee's contention that the township, Rutt, and the supervisors knowingly transgressed various local zoning regulations, state criminal statutes and deprived it of its property without due process of law in violation of 42 U.S.C. § 1983.

## II. PROCEDURE

This case is presented to us on defendants' motions to dismiss plaintiff's complaint and plaintiff's application for leave to file an amended complaint. Plaintiff filed its application before we had reached a decision on the motions to dismiss. We will consider the pleadings on both issues in tandem and render a decision on both matters. Defendants have filed objections to plaintiff's application but we do not have before us a motion to dismiss the amended complaint.[2]

## III. MOTION TO DISMISS

The inquiry into the sufficiency of plaintiff's complaint is guided by the principles enunciated by the United States Supreme Court in *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975):

For purposes of ruling on a motion to dismiss . . . the court must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party.

*supra* at 501, 95 S.Ct. at 2206

## A. JURISDICTION

Defendants' challenge to the complaint is based upon several grounds. Preliminarily, we note that plaintiff has properly invoked the jurisdiction of this Court under 28 U.S.C. § 1471(b) by alleging the existence of a claim belonging to the estate under 11

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

2. N.T. p. 13, July 29, 1981.

U.S.C. § 541(a)(1). Plaintiff characterizes its claim as an action under 42 U.S.C. § 1983. This statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state ... subjects, or causes to be subjected any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

## B. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

■ Plaintiff alleges that the defendants, acting under color of state law, deprived it of the value of its property without due process of law. If true, this would be a violation of the Fifth and Fourteenth Amendments to the Constitution of the United States. The minimum requirements for stating a cause of action in a civil rights action have been well established by case law in this jurisdiction. "To withstand a motion to dismiss, a complaint should identify with particularity the conduct violating plaintiffs' rights, the time and place of these, actions, and the people responsible therefore." *Boddorff v. Publicker Industries, Inc.,* 488 F.Supp. 1107, 1112 (E.D.Pa. 1980).

The complaint before us identifies the defendants by names. The conduct complained of consists of two counts: 1) defendant Rutt recommending the subdivision plan for approval despite his alleged conflict of interest and knowledge that the plan did not meet local regulations, and 2) defendant supervisors and Township approving the plan, notwithstanding legal and planning commission advice against it, and their deliberate failure to secure compliance with local regulations. The place of the transgressions is sufficiently described as Plainfield Township, Northampton County, Pennsylvania. The time is March 7, 1977, when the subdivision was approved and March 10, 1977, when harm from the approval accrued to Trina-Dee with the purchase of the lot. In *Hall v. Pennsylvania State Police,* 570 F.2d 86 (3rd Cir. 1978) the Court reversed a district court's order dismissing a civil rights complaint noting that it was "sufficiently precise to give notice of the claims asserted" *supra* at 89. We find that Trina-Dee's complaint is likewise sufficiently precise to withstand defendants' challenge to it.

## C. IMMUNITY

■ Defendants also assert governmental immunity from suit based upon the fact that they were acting in their official capacities at the time of the incidents described above. We will examine each defendant's right to this protection. The extent of governmental immunity in civil rights action has been the subject of frequent litigation in recent years. We follow the example of the United States Supreme Court in making "a considered inquiry into the immunity historically accorded the relevant official at common law and the interests behind it." *Imbler v. Pachtman,* 424 U.S. 409, 421, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). The Township of Plainfield, as a quasi-corporation, would be entitled to governmental immunity, as opposed to sovereign immunity. Sovereign immunity is only available to a state and its instrumentalities. Governmental immunity applies to political subdivisions created by the state legislature. This type of immunity was abolished in Pennsylvania in *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973). Following that case, our courts have held that municipalities could be sued without regard to considerations of governmental immunity. *Tilli v. County of Northampton,* 370 F.Supp. 459 (1974). The United States Supreme Court examined the common law precedents for immunity and found, "... there is no tradition of immunity for municipal corporations, and neither history nor policy support a construction of § 1983 that would justify qualified immunity [for the City of Independence]." *Owen v. City of Independence,*

*Mo.,* 445 U.S. 622, 638, 100 S.Ct. 1398, 1409, 63 L.Ed.2d 673 (1980). For these reasons, we find that the Township of Plainfield is not immune from the suit filed herein.

■ Defendant Rutt claims immunity because the actions which form the basis of the complaint against him were duties in the course of his official conduct. However, it is this fact which brings his actions within the purview of this Court as establishing the requisite state action element of the § 1983 claim. There is no statutory grant of immunity to a defendant in Rutt's position; neither is there a common law tradition which would justify extending immunity to him. Various municipal employees in positions analogous to Rutt's have been held to be liable under § 1983 and we see no distinction between his case and those we are following.[3]

■ The Supervisors have been sued in their individual capacities. In a similar fact situation, the United States Supreme Court found that "individuals acting in a legislative capacity are immune for actions taken in the sphere of legitimate legislative activity." *Lake County Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 401, 99 S.Ct. 1171, 1177, 59 L.Ed.2d 401 (1979). The Court held that the planning authority itself was not protected by the doctrine of immunity but that there is a strong public policy in favor of shielding legislators from suit. The Supervisors in the instant case were acting in their legislative capacity in approving the subdivision plan. The complaint does not allege that they acted in bad faith or that they were motivated by animus toward a protected class. For these reasons, we find that the Supervisors are immune from suit and dismiss the complaint against Elwood Brewer, William Donner, and John A. Hauch.

### D.  STATUTE OF LIMITATIONS

■ Defendants have raised the issue of whether the complaint is barred by the Statute of Limitations. In this Circuit, the Court looks to the limitations period pertaining to actions most closely analogous to the civil rights action before it under the laws of Pennsylvania. *Henig v. Odorioso,* 385 F.2d 491 (3rd Cir. 1967), *cert. denied,* 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed. 166 (1968). Defendants have cast the allegations in the complaint as either tort or contract claims and have pointed to the two and four year limitations on these actions. However, the claims are more nearly analogous to trespass claims not involving bodily injury. Claims of this nature are governed by a six year statute in Pennsylvania. 42 Pa.Cons.Stat.Ann. 5527(6). *Meyers v. Pennypack Woods Home Ownership Association,* 559 F.2d 894 (3rd Cir. 1977), *Wetzel v. Liberty Mutual Insurance Company,* 451 F.Supp. 967 (W.D.Pa.1978), *Safeguard Mutual Insurance Company v. Miller,* 477 F.Supp. 299 (E.D.Pa.1979). All of the actions upon which this complaint is based are within the applicable statute of limitations.

### E.  RES JUDICATA

■ On a related point, the Northampton County Court order in a case involving the within parties was handed down after jurisdiction over this action attached to this Court. We are not barred from considering this case by the doctrine of res judicata.

For all the above reasons, we deny defendants' motions to dismiss the complaint.

### IV.  APPLICATION FOR LEAVE TO AMEND

Plaintiff filed an application for leave to amend his complaint on May 25, 1981, approximately two and one-half months after the original complaint was filed. Rule 15 of the Federal Rules of Civil Procedure states that, after twenty days from service of the first pleading, a party may amend his pleading only by leave of court "and leave shall be freely given when justice so re-

---

**3.** School officials and school board members in *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214, reh. denied, 421 U.S. 921, 95 S.Ct. 1589, 43 L.Ed.2d 790 (1975), various jail officials in *Henderson v. Thrower,* 497 F.2d 125 (1974) municipal officials in *Zaccagnini v. Morris,* 478 F.Supp. 1199 (D.C.Mass.1979).

quires." Fed.R.Civ.P. 15(a). Several of defendants' objections to plaintiff's application for leave to amend were addressed in our discussion above on the motion to dismiss. For instance, the relation back advantage which allows the statute of limitations to be tolled by the filing of the first complaint becomes a moot issue in light of our application of a six year limitations period. Similarly, the government immunity argument has been discussed above and our findings are dispositive of this issue with regard to the amended complaint as well.

## A. STANDING

■ Defendants raise an objection to plaintiff's standing by denying that it has suffered any damage from the alleged civil rights violation. However, plaintiff's claimed loss of property value is a detriment to which a value can be assigned and which is personal to the plaintiff. The complaint establishes with sufficient clarity that plaintiff may have suffered an injury which this Court has the power to redress. We hold that the plaintiff has standing to bring this action.

## B. PREJUDICE TO DEFENDANTS

■ The amended complaint does cite several additional grounds for relief. The basic actions complained of are those set forth in the first complaint. There are no new allegations in the amended complaint which would render the defense at a disadvantage in preparing its case because of the delay between the filings. Plaintiff has essentially restated its case in clearer terms and redefined its claim to refer to specific statutes. It remains a complaint which alleges that certain actions of the defendants deprived the plaintiff of its property without due process of law. This court and the defendants are aided rather than harmed by the fact that the amended complaint is superior to the original in organization and in its statement of the issues. We find that defendant will not be prejudiced by the filing of the amended complaint and that the interests of justice would be served by allowing it to be filed.

For these reasons, we will dismiss defendants' objections and grant plaintiff leave to file its amended complaint.