**Mitchell A. KRAMER and David C. HARRISON**

v.

**SCIENTIFIC CONTROL CORPORATION et al.**

**Civ. A. No. 71–1954.**

United States District Court, E. D. Pennsylvania.

Jan. 8, 1973.

Robert M. Britton, Philadelphia, Pa., for plaintiffs.

Albert Momjian, Donald A. Scott, William H. Lowery, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

BECHTLE, District Judge.

The purported class action here involved was brought pursuant to the various anti-fraud sections of the Federal securities laws and regulations thereunder. One of the defendants, John B. Baird, former president and vice-chairman of the Board of Directors of Scientific Control Corporation, has filed a motion to dismiss. A ground for that motion is that the claims under §§ 11 and 12(2) of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77*l*(2) are barred by the statute of limitations of § 13 of that Act, 15 U.S.C. § 77m. This section in pertinent part provides:

> "No action shall be maintained to enforce any liability created under section . . . 11(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, . . . . In no event shall any such action be brought to enforce a liability created . . . under section 11(2) of this title more than three years after the sale."[1]

 From the allegations of the amended complaint, we learn that the date of the original offer of the sale of stock and the prospectus is October 31, 1968; the named plaintiffs purchased their shares on January 6, 1969, and the action was instituted on August 8, 1971. The latter two events occurred within three years after the securities in question were first offered to the public. Therefore, the three-year provision of § 13 has been met. However, the date plaintiffs discovered the alleged untrue statements or omissions in the prospectus or should have discovered them by the exercise of reasonable diligence does not appear in the amended complaint. Nor does it appear that the time between either of those dates and the filing of the complaint was less than one year. Plaintiffs point out that these matters are issues of fact to be decided by the jury after a trial. I agree, but this situation does not overcome defendant's objection. In this judicial district, at least, the rule is that compliance with § 13 of the 1933 Act is an essential ingredient of a private action and the pertinent facts must be affirmatively asserted in the complaint. Premier Industries, Inc. v. Delaware Valley Financial Corporation, 185 F.Supp. 694 (E.D.Pa.1960); Newberg v. American Dryer Corporation, 195 F.Supp. 345, 352 (E.D.Pa.1961).

Unless the named plaintiffs further amend the amended complaint to include pertinent allegations required by § 13 of the 1933 Act, the amended complaint will be dismissed as being barred by the one-year limitation period of that section.

---

[1] Section 18(c) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78r(c), also contains a comparable one-year and three-year limitations period.