**Walter H. BURKHARDT, Plaintiff,**

v.

**Paul LIBERTY and Liberty Petroleum Corporation, a corporation, Defendants.**

**Civ. A. No. 74–1219.**

United States District Court,
W. D. Pennsylvania.

May 14, 1975.

Behrend & Aronson, Pittsburgh, Pa. and Clement T. Cooper, Washington, D. C., for plaintiff.

Houston & Houston & Donnelly, Pittsburgh, Pa. and William E. Longthorne, Toledo, Ohio, for defendants.

## OPINION

ROSENBERG, District Judge.

The defendants, Paul Liberty and Liberty Petroleum Corporation, are here on a motion to dismiss the action filed in the above entitled case. The plaintiff, Walter H. Burkhardt, filed an original complaint which the defendants attack as failing to state a cause of action, pursuant to Federal Rule of Civil Procedure 12(b). Subsequently, the plaintiff filed an amended complaint. The motion to dismiss, as originally filed by the defendants, was projected at the oral argument of this case against the amendment of the complaint and the matter was fully argued with an opportunity to the parties to submit briefs supporting their respective contentions.

This action was brought by the plaintiff against the defendants charging a violation of the Securities Act of 1933, 15 U.S.C. §§ 77e, 77i, 77k, 77o and 77v(a). The complaint charges that (1) the defendants, by means of transportation and communications in interstate commerce and of the mails, sold certain securities to the plaintiff which were not registered with the Securities Exchange Commission; (2) no prospectus meeting the requirement of 15 U.S.C. § 77j accompanied or preceded such securities; (3) the defendants solicited the plaintiff to purchase such securities by untrue statements made with full knowledge of their falsity and with the intent to induce the plaintiff's purchase; (4) the defendants conspired to defraud the plaintfif by selling securities in violation of the Securities Act of 1933; and (5) the defendants obtained money from the plaintiff by false pretenses and by omitting material facts which tended to be misleading.

In their oral argument and briefs the defendants contend that the plaintiff is barred from suit because the complaint was filed beyond the statutory time required by 15 U.S.C. § 77m, which states:

"No action shall be maintained to enforce any liability created under section 77k or 77l(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77l(1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or 77l(1) of this title more than three years after the security was bona fide offered to the public, or under section 77l(2) of this title more than three years after the sale."

The defendants rely on the plaintiff's amended complaint, page 5, paragraph 6, where it is alleged by the plaintiff:

"6. That the securities mentioned hereinbefore were sold to the Plaintiff on various dates beginning April 30, 1969 and continuously up to and including June 9, 1971."

■ In response, the plaintiff attacks the motion on two levels: (1) that procedurally the defendants' motion being based on the Statute of Limitations is an affirmative defense and should be stated in their answer as a defense pursuant to Federal Rule of Civil Procedure 8(c) and not in a motion to dismiss, Federal Rule of Civil Procedure 12(b)(6); and (2) that the plaintiff's inquiry to a state agency regarding the validity of the securities in question tolls the Statute of Limitations set forth in 15 U.S.C. § 77m.

The plaintiff argues that the defendants' motion is not proper because a motion to dismiss for failure to state a claim upon which relief may be granted does not authorize an affirmative defense with the Statute of Limitations as a foundation for it. This argument is untenable for it is well settled that while a claim may be adequately stated, if in addition to that claim there appears on its face that it includes a matter which would vitiate the complainant's cause of action, the complaint is self-defeating and a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) which is based on the Statute of Limitations is well grounded. Williams v. Murdoch, 330 F.2d 745, C.A. 3, 1964; DiVito v. Greenstein, 55 F.R.D. 58 (D.C.Pa.1972); Gaito v. Strauss, 249 F.Supp. 923 (D.C.Pa.1966), aff'd. 368 F.2d 787, C.A.3, 1966, cert. den. 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 139; Lippmann v. Hydro-Space Technology, Inc., 235 F.Supp. 860 (D.C.N.J., 1964).

■ The plaintiff also argues that he exhibited reasonable diligence in attempting to ascertain whether the defendant's statements were in fact true or false by alleging facts of his investigations through various state agencies beginning in 1973. He contends that it was not until 1974 that he finally discovered that the defendants' statements concerning the securities involved were indeed false and that because of the investigation and eventual discovery, he is not barred by the one year limitation subsequent to any exercise of reasonable diligence to make such a discovery pursuant to 15 U.S.C. § 77m.

It is clear from this assertion that the plaintiff has failed to take account of the last sentence in 15 U.S.C. § 77m which states,

". . . In no event shall any such action be brought to enforce a liability created under section 77k or 77l(1) of this title more than three years after the security was bona fide offered to the public, or under 77l(2) of this title more than three years after the sale."

Section 77k relates to the filing of false registration statements and section 77l(1) relates to the non-registration of securities, section 77e. Section

77*l*(2) pertains to the offer or sale of securities by means of a prospectus or oral communication which include false statements or omissions by the issuer of such securities.

It is the plaintiff's own complaint, page 5, paragraph 6, that defeats his purpose. The plaintiff declares that he last purchased the involved securities in June, 1971. This was three and one-half years before this suit was initiated. It has been held:

". . . the rule is that compliance with § 13 of the 1933 Act [15 U.S.C. § 77m] is an essential ingredient of a private action and the pertinent facts must be affirmatively asserted in the complaint." Kramer and Harrison v. Scientific Control Corporation, 352 F. Supp. 1175, 1176 (D.C.Pa.1973).

Here, the plaintiff has failed to comply with the 1933 Securities Act.

Other arguments asserted by the plaintiff are without merit, since they relate to the merits of his cause of action. Because the Statute of Limitations, being three years, has run, the defendants' motion to dismiss the action will be granted.