Andrew OLIVER and Teresa Oliver, Plaintiffs,

v.

Walter A. FOSTER, Jr., Walter E. Shelly, and Mrs. Walter B. Foster, Defendants.

Civ. A. No. H–81–468.

United States District Court,
S. D. Texas,
Houston Division.

Sept. 8, 1981.

Denise Johnson Divens, East Texas Legal Service, Huntsville, Tex., for plaintiffs.

Kenneth Keeling, Mr. Harry Walsh, Huntsville, Tex., for defendants.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge

This matter is before the court on the defendants' motions to dismiss. The court has considered the motions and is of the opinion they should be denied.

In this action brought under the Fair Housing Act of 1968, 42 U.S.C. §§ 3604, 3612, and 42 U.S.C. § 1982, the plaintiffs, Andrew and Teresa Oliver, an interracial couple, allege that the defendants discriminated against the plaintiffs in refusing to rent or lease an apartment. In their motions to dismiss, defendants' Walter E. Shelly and Mrs. Walter B. Foster claim that: 1) plaintiffs failed to state a claim upon which relief can be granted, 2) plaintiffs' cause of action under 42 U.S.C. §§ 3604, 3612 and 42 U.S.C. § 1982 must be dismissed because plaintiffs failed to exhaust their administrative remedies, 3) plaintiffs' claim under 42 U.S.C. §§ 3604, 3612 must be dismissed because it is barred by the statute of limitations, and 4) plaintiffs' claim for $5,000 in exemplary and/or punitive damages and attorney's fees should be dismissed because the amount of damages requested is not authorized by § 3612(c) of the Fair Housing Act and attorney's fees are not justified because plaintiffs failed to allege financial inability.

### I. Failure to State a Claim

■ The defendants' motions to dismiss for failure to state a claim upon which relief can be granted are based on the fact that plaintiffs' amended complaint fails to state a claim because it states that plaintiffs' cause of action accrued on September

6, *1981*, a date some time in the future.[1] As pointed out by the plaintiffs in their response to the defendants' motion to dismiss, however, the defendants are on notice from plaintiffs' original complaint that plaintiffs' cause of action accrued on September 6, *1980*. The defendants' motions to dismiss for failure to state a claim are thus denied.

## II. Failure to Exhaust Administrative Remedies

The defendants' second contention in their respective motions to dismiss is that the court lacks jurisdiction over the plaintiffs because the plaintiffs failed to exhaust their administrative remedies. The exhaustion of administrative remedies is not a prerequisite to a claim in federal court based on 42 U.S.C. § 3612 or 42 U.S.C. § 1982. *See, e. g., Fair Housing Council of Bergen County v. Eastern Bergen County Multiple Listing Service*, 422 F.Supp. 1071, 1079 (D.N.J. 1976). As will be discussed below, contrary to defendant Shelly's contention in his memorandum in support of his motion, the Fifth Circuit's recent holding in *Patsy v. Florida International University*, 634 F.2d 900 (5th Cir. 1981), that "adequate and appropriate state administrative remedies must be exhausted before a § 1983 action is permitted to proceed in federal court, absent any of the traditional exceptions to the general exhaustion rule," *id.* at 912, has no bearing on actions based on violations of 42 U.S.C. § 3612 or 42 U.S.C. § 1982. The defendants' motions to dismiss for failure to exhaust administrative remedies therefore must be dismissed.

Under the Fair Housing Act, 42 U.S.C. § 3601 et seq., a party may institute a civil action on an administrative level under section 3610 as well as commence a civil action in federal court under section 3612 apart from the administrative process. Each of these are independent remedies, and the administrative remedies need not be exhausted prior to the filing of a civil action in federal court. *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979); *Miller v. Poretsky*, 409 F.Supp. 837 (D.D.C. 1976). In *Bellwood*, the Supreme Court reaffirmed that victims of racially motivated housing discrimination are entitled to bring immediate suit in federal district court under 42 U.S.C. § 3612, and that the alternative administrative remedy is only an option for those who choose to use it. 441 U.S. at 105–6, 99 S.Ct. at 1611. Neither the statute itself nor the applicable case law suggest that administrative remedies provided for by the Fair Housing Act under section 3610 or by state law must be exhausted before complainants can seek relief in federal court. The defendants assertion that the Fifth Circuit's holding in *Patsy* should be extended to claims arising under section 3612 of the Fair Housing Act is therefore untenable.

Likewise, failure to exhaust administrative remedies has not been held to bar a suit in federal district court under section 1982 of the Civil Rights Act. *McLaurin v. Brusturis*, 320 F.Supp. 190 (D.Wis.1970). The holding in *Patsy* is limited to actions under section 1983 and does not effect the prevailing view that exhaustion of administrative remedies is not required under section 1982. Even if the exhaustion requirement enunciated in *Patsy* were extended to actions under section 1982, the plaintiffs in this case would not be required to resort to administrative remedies prior to filing suit in federal court. If, as here, the administrative remedy available cannot provide relief commensurate

1. As to defendant Foster, her motion to dismiss contains only a broad assertion that defendants "failed to state a claim upon which relief can be granted." Although she failed to point out the reasons for which the complaint failed to state a cause of action, as required by Rule 7(b) of the Federal Rules of Civil Procedure, it has been recognized that such motions rarely detail the grounds relied upon, 5 Wright and Miller, Federal Practice and Procedure § 1192, and that such motions will be entertained if the court is able to ascertain the particular grounds. *Smeed v. Carpenter*, 274 F.2d 414, 418 (9th Cir. 1960). In this case, defendant Foster's motion is identical to defendant Shelly's motion. Thus, the court is able to ascertain that the grounds for defendant Foster's motion are the same as those contained in defendant Shelly's memorandum in support of his motion to dismiss.

with plaintiff's claim, then exhaustion is not required even under the holding in *Patsy.* 634 F.2d at 903. Since the plaintiffs in this case are seeking damages and there are no administrative procedures available to provide them with such relief,[2] the plaintiffs would not be held to the exhaustion requirement even under *Patsy.*

### III. Statute of Limitations

■ The defendants' third contention in their motions to dismiss is that the plaintiffs' claim under the Fair Housing Act is barred by the applicable limitation period. With respect to defendant Foster, this defense is waived because it was not raised in her answer. Rule 8(c) of the Federal Rules of Civil Procedure requires the responsive pleading to set forth the affirmative defense of statute of limitation. Failure to raise such defense results in forced waiver. *Funding Systems Leasing Corp. v. Pugh,* 530 F.2d 91, 96 (5th Cir. 1976); *Senter v. General Motors Corp.,* 532 F.2d 511, 530 (6th Cir.) *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *Jakobsen v. Massachusetts Port Authority,* 520 F.2d 810, 813 (1st Cir. 1975).

Under the Fair Housing Act, an action for alleged violation may be brought in federal court within 180 days after the alleged discriminatory housing practice occurred. In this case, the parties agree that the alleged cause of action arose on September 6, 1980 and the limitation period began to run on September 7, 1980. Fed.R. Civ.P. 6(a). The question disputed by the parties is the date on which the plaintiffs' amended complaint, which added defendants Foster and Shelly, was filed for purposes of the limitation period. If filed on

March 6th, the 181st day after the alleged cause of action arose, the amended complaint will be barred by the statute of limitations unless it "relates back" to the filing of the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure. *See, e. g., Jefferson v. Mentzell,* 409 F.Supp. 1 (N.D.Tex.1976); *Brown v. Ballas,* 331 F.Supp. 1033 (Tex.1971).

■ With respect to the applicable limitation period, pleadings are considered filed when placed in the possession of the clerk of the court even though it was not stamped "filed" until after the expiration of such time. *Moffitt v. United States,* 430 F.Supp. 34, 36 (E.D.Tenn.1979). In this case, the amended complaint was received by the clerk's office on March 5, although it appears to have originally been stamped "filed" on March 6. Because this court concludes that the plaintiffs' amended complaint was filed within the limitation period, defendant Shelly's motion to dismiss on the basis of this issue is denied. There is thus no need to address the issue of whether the amended complaint "relates back" to the filing of the original complaint.

### IV. Damages and Attorney's Fees

■ Defendants' final contentions are that the plaintiffs' claim for exemplary and/or punitive damages in the amount of $5,000 should be dismissed because not authorized by section 3612(c) of the Fair Housing Act. In addition, defendants argue that plaintiffs' claim for attorney's fees should be dismissed because the plaintiffs failed to allege financial inability to pay, as is also required by section 3612(c). Defend-

2. The defendants contend that the plaintiffs should be required to exhaust the administrative remedies available under § 3610 of the Fair Housing Act. This section authorizes the Secretary of the Department of Housing and Urban Development to investigate alleged discriminatory housing practices and seek to correct the practice "by informal methods of conference, conciliation, and persuasion." Under this section, however, the department has no authority to award damages. Thus, such relief would not be commensurate with the plaintiffs' claim. Further, it is unlikely that the adminis-

trative procedures available under § 3610 would be required to be exhausted prior to the filing of a claim based upon § 1982 of the Civil Rights Act. It has consistently been held that the Fair Housing Act does not operate to limit relief available under § 1982. *See Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1986); *Warren v. Norman Realty Co.,* 513 F.2d 730, (8th Cir.), *cert. denied,* 423 U.S. 855, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975). The defendants do not contend that there are any state administrative procedures that would be available to the plaintiffs.

ants' motions to dismiss on these grounds are denied, as plaintiffs' claims for punitive damages and attorney's fees as prayed for in their complaint are authorized under section 1982, should plaintiffs recover on their civil rights claim. Section 1982 does not limit the amount of punitive damages recoverable. Furthermore, unlike the Fair Housing Act, the provision for attorney's fees under section 1982 is not limited to prevailing parties who are financially able to pay. If the plaintiffs prevail on both their civil rights claim and their claim under the Fair Housing Act, the more liberal provisions for recovery available under section 1982 should apply. *Dillon v. AFBIC Development Corp.* 597 F.2d 556, 563–64 (5th Cir. 1979).