Julius DEMETRIUS

v.

Detective Richard MARSH and Detective Timothy Woodward of the Montgomery County Detective Bureau and Detective Michael McCarthy and Deputy Chief James Hansley of the Lansdale Police Department and Detective Richard J. Brady of the Montgomery Township Police Department and Detective John Murray of the Upper Gwynedd Township Police Department.

Civ. A. No. 82–0968.

United States District Court,
E.D. Pennsylvania.

March 23, 1983.

Angus R. Love, Montgomery County Legal Aid, Norristown, Pa., for plaintiff.

William J. Furber, Jr., Norristown, Pa., for Marsh and Woodward.

C. Stephens Vondercrone, Jr., Lansdale, Pa., for McCarthy and Hansley.

George F. Dale, Philadelphia, Pa., for Brady.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Defendants separately through their individual attorneys move to dismiss this civil rights action on several grounds. For the reasons set forth herein, the defendants' motions will be granted only insofar as the plaintiff's Eighth Amendment claim is concerned; and will be otherwise denied.

Plaintiff, Julius Demetrius, through his attorney has filed this complaint in which he generally asserts a claim under the Civil Rights Act of 1871, 42 U.S.C. § 1983, based on the alleged excessive use of force against him during an arrest by defendants, Detective Richard Marsh, Detective Timothy Woodward, both of the Montgomery County Detective Bureau, Detective Michael McCarthy and Deputy Chief Hansley, both of the Lansdale Police Department, Detective Richard Brady of the Montgomery Township Police Department, and Detective John Murray of the Upper Gwynedd Township Police Department. According to the complaint, plaintiff met defendant Woodward in a shopping center in Lansdale, Pennsylvania on the night of April 5, 1980 to transact an illegal drug deal. As defendant Woodward, a police detective, walked to the trunk of his car to obtain the money to

be paid to the plaintiff for the sale, a van allegedly came around the corner of a nearby store and headed for plaintiff's vehicle. At the same time, the other occupant of defendant Woodward's car is alleged to have ordered the plaintiff to freeze at gunpoint. The plaintiff allegedly complied with this request. The van stopped and the detective with the gun, along with two defendants from the van, allegedly pushed and shoved the plaintiff. Shortly thereafter, it is alleged that other vehicles arrived at the scene and that some of the named defendants, in the presence of the other named defendants, proceeded to kick and beat the plaintiff. During the alleged beatings, plaintiff's right hand was hit several times with a blunt, hard object. According to the complaint, plaintiff's only action when the beatings were taking place was to try and free his arm for fear that it might break. After the alleged beatings, plaintiff was transported to the Lansdale Police Station, and despite numerous requests for medical attention, was placed in a cell until 5:00 a.m., at which time he was taken to an arraignment hearing. It was only after that arraignment hearing that he received medical attention for a broken bone in his right hand, as well as treatment for numerous scalp wounds, at Montgomery Hospital.

Plaintiff has framed his complaint in terms of two causes of action based on the defendants' excessive use of force during the arrest, the first grounded upon the due process clause of the Fifth and the Fourteenth Amendments, and the second upon cruel and unusual punishment which is prohibited by the Eighth Amendment.

■ Defendants in their motions to dismiss, first assert that the applicable statute of limitations precludes adjudication of the complaint. Although in many cases the affirmative defense of a statute of limitations is most properly determined in a motion for summary judgment because it requires consideration of evidence outside the pleadings, the defense may be raised by a motion to dismiss under Fed.R.Civ.P. 12(b)(6) if the time alleged in the complaint shows clearly that the cause of action has

not been brought within the statute of limitations. *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168, 1174 (3d Cir.1978). *See Conerly v. Westinghouse Insurance Co.*, 623 F.2d 117, 119 (9th Cir.1980); *Jones v. Rogers Memorial Hospital*, 442 F.2d 773, 775 (D.C.Cir.1971); *Burkhardt v. Liberty*, 394 F.Supp. 1296, 1298 (W.D.Pa.1975), *aff'd* 530 F.2d 963 (3d Cir.1976). In the present case, the complaint does satisfy the exception which would permit disposition pursuant to a 12(b)(6) motion. Plaintiff in his complaint alleges that he was beaten by the defendants when he was arrested on April 5, 1980. His claim arose on that date. The complaint, however, in the present action was stamped as filed on May 4, 1982 which makes it appear that it was filed outside the applicable two year statute of limitations period.

■ Since the Civil Rights Act does not contain a statute of limitations, the period of limitations to be applied is that applicable to the most similar state cause of action. *Board of Regents v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980); *Skehan v. Board of Trustees of Bloomsburg State College*, 590 F.2d 470, 476 (3d Cir.1978), *cert. denied*, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979); *Buskirk v. Sieple*, No. 81–4043, slip op. at 3 (E.D.Pa. February 16, 1983); *Haefner v. Lancaster County, Pa.*, 520 F.Supp. 131, 132 (E.D.Pa.1981), *aff'd* 681 F.2d 806 (3d Cir. 1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 165, 74 L.Ed.2d 136 (1982). The most similar state cause of action is the tort of assault and battery. Pennsylvania requires that such action be brought within two years. 42 Pa.C.S.A. § 5524(1). As previously mentioned, plaintiff's cause of action arose on April 5, 1980, the day of the alleged beatings. The record in this case shows, however, that the complaint was attached to a petition to proceed *in forma pauperis* which was filed in the Clerk's office on March 4, 1982. The complaint was not stamped as having been filed until May 4, 1982 because filing had to await disposition of the plaintiff's motion for leave to proceed *in forma pauperis*. Although the

plaintiff's motion to proceed *in forma pauperis* was filed on March 4, 1982, the order granting the motion was not filed until May 4, 1982 which is the date stamped on the complaint. Generally, the complaint in an action where leave to proceed *in forma pauperis* is requested is treated as having been filed on the day the motion to proceed *in forma pauperis* is filed with the complaint attached. *Rosenberg v. Martin,* 478 F.2d 520, 522, n. 1a (2d Cir.), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); *Move Organization v. City of Philadelphia,* 530 F.Supp. 764, 766 (E.D.Pa.1982); *Gardner v. King,* 464 F.Supp. 666, 670 (W.D.N.C. 1979); *Allah v. Commissioner of Department of Correctional Services,* 448 F.Supp. 1123, 1127 (N.D.N.Y.1978). Hence, the complaint in this case shall be deemed filed on March 4, 1982 which is within the two year limitations period.

■ The defendants' second contention is that the complaint was not sufficiently specific to comply with the pleading requirements in a § 1983 claim. In civil rights cases, plaintiffs are required to plead facts with specificity. *See, e.g., Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978); *Rotolo v. Borough of Charleroi,* 532 F.2d 920, 922–23 (3d Cir.1976); *Kauffman v. Moss,* 420 F.2d 1270, 1275–76 (3d Cir.), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Negrich v. Hohn,* 379 F.2d 213, 215–16 (3d Cir.1967). In essence, the complaint in the case at bar alleges that some or all of the named defendants either used excessive force against the plaintiff during the arrest or stood by without attempting to interfere while the other defendants did so. The plaintiff has alleged the conduct violating his civil rights, the use of excessive force, the time, April 5, 1980, and those allegedly responsible. The court has determined that although the complaint is far from being a model of specificity, it is sufficient to state a cause of action against the defendants for the deprivation of his civil rights by exercising more force than was reasonably necessary to effectuate his arrest.

■ Finally, defendants contend that plaintiff cannot state a claim for relief under § 1983 based on the Eighth Amendment's cruel and unusual punishment clause. The court agrees. The Eighth Amendment applies only to punishment imposed after conviction of a crime. *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 1871, 60 L.Ed.2d 447 (1979); *Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077, 1079 (3d Cir.1976); *Gann v. Delaware State Hospital,* 543 F.Supp. 268, 278 (D.Del.1982). Since the plaintiff's allegations relate to the deprivation of his civil rights during his arrest by the defendants rather than after he was a convicted inmate, the Eighth Amendment claim must be dismissed. This leaves a viable § 1983 claim against the defendants based upon the deprivation of the plaintiff's right to due process of law under the Fifth and Fourteenth Amendments through the excessive use of force against the plaintiff in arresting him. A law enforcement officer's infliction of personal injury on a person by the application of excessive force may deprive the victim of liberty without due process of law. *See Shillingford v. Holmes,* 634 F.2d 263, 265 (5th Cir.1981); *Johnson v. Glick,* 481 F.2d 1028, 1032 (2d Cir.), *cert. denied sub. nom. John v. Johnson,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Curtis v. Everette,* 489 F.2d 516, 518–19 (3d Cir.1973).

An appropriate order follows.

### ORDER

AND NOW, this 23rd day of March, 1983, after consideration of the plaintiff's complaint, the defendants' motions to dismiss and the briefs filed by the parties in support of and in opposition to the motions, for the reasons stated in the Court's Memorandum dated March 23rd, 1983,

IT IS ORDERED that the defendants' motions to dismiss on the ground that plaintiff's action is barred by the statute of limitations are DENIED.

IT IS FURTHER ORDERED that defendants' motions to dismiss on the ground that the plaintiff's complaint is vague and conclusory are DENIED.

IT IS FURTHER ORDERED that defendants' motions to dismiss the complaint insofar as it alleges violations of 42 U.S.C. § 1983 based on the Eighth Amendment's cruel and unusual punishment clause are GRANTED.