Wendell A. MARTIN and Vanessa Faciane, Plaintiffs-Appellants,

v.

Marco DEMMA, et al., Defendants-Appellees.

No. 86–3844
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 28, 1987.

**70**

Wendell A. Martin, pro se.

Vanessa Faciane, pro se.

George Perez, Asst. City Atty., New Orleans, La., for Demma & McCord.

Before REAVLEY, RANDALL and JOLLY, Circuit Judges.

PER CURIAM:

The issue presented by this appeal is whether the statute of limitations bars a suit where the district court clerk receives the complaint within the applicable limitations period but does not formally file it until two weeks later. Because the date of receipt by the clerk, rather than the date of formal filing, governs the commencement of an action, we vacate the judgment dismissing the complaint.

I.

Wendell A. Martin ("Martin"), a state prisoner, and Vanessa Faciane ("Faciane"), his fiancee, instituted an action *pro se*, alleging violations of the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983. The defendants were two officers of the New Orleans Police Department, Marco Demma ("Demma") and Norman McCord ("McCord"), and three private citizens. The complaint alleged that the police officers illegally arrested Martin and searched Martin's and Faciane's apartment without a search warrant on July 24, 1985. It also alleged a conspiracy between the officers and the private citizens to obtain a false conviction of Martin for murder. Martin and Faciane sought compensatory and punitive damages.

The police officers filed a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the district court granted the motion, dismissing the complaint because it was untimely. Because Martin and Faciane did not respond to the motion, the district judge considered it unopposed. From the clerk's filing stamp and docket entry, it appeared that the complaint was filed on August 6, 1986. Therefore, the district court found that Martin and Faciane did not commence their suit within the one-year limitations period and entered judgment for all defendants.

Martin and Faciane filed a post-judgment motion and a timely notice of appeal. In the motion and on appeal, Martin and Faciane assert that the complaint was timely because it was hand-delivered to the district court clerk on July 23, 1986, and they contend that they did not oppose the motion to dismiss because they failed to receive notice. Martin and Faciane submitted with their post-judgment motion a copy of the complaint which bears the notation: "Person I gave to, Terry Mantle 2:05 7/23/86 Love Alway [sic] Sis." The district court denied the post-judgment motion on the same day it was filed.

II.

Martin and Faciane appeal from the judgment dismissing their complaint. We review the district court's factual finding concerning the date of the filing of the complaint under the clearly erroneous standard required by the Federal Rules of Civil

Procedure. *See* Fed.R.Civ.P. 52(a). "If the district court's account of the evidence is plausible in light of the record reviewed in its entirety," we may not reverse. *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985).

■ Because Martin and Faciane assert a claim under section 1983 of Title 42, United States Code, the Louisiana statute of limitations governing personal injury actions applies. *See Wilson v. Garcia,* 471 U.S. 261, 276–79, 105 S.Ct. 1938, 1947–49, 85 L.Ed.2d 254 (1985). Accordingly, the applicable limitations period is one year. *See* La.Civ.Code Ann. art. 3492 (West Supp. 1987). In federal cases, filing a complaint with the court commences an action and tolls the applicable statute of limitations. *See West v. Conrail,* 481 U.S. ——, 107 S.Ct. 1538, 1541, 95 L.Ed.2d 32 (1987); Fed. R.Civ.P. 3. Receipt of the complaint by the court clerk, rather than formal filing, determines the time of filing. *See, e.g., Hatchell v. Heckler,* 708 F.2d 578, 579 (11th Cir.1983); *Oliver v. Foster,* 524 F.Supp. 927, 930 (S.D.Tex.1981).

■ In this case, the allegedly illegal arrest and search occurred on July 24, 1985, and if Martin and Faciane brought suit based on those events on or before July 24, 1986, the district court's judgment is incorrect. Martin and Faciane assert that despite the court clerk's stamp and docket entry, the court received the complaint on July 23. The record supports this assertion. In addition to the notation by Martin's sister on his copy of the complaint, the court file provides independent evidence. On the reverse side of the front page of the complaint, the notation "ok gg. Recd 7–23–86" appears. Also, with the complaint, Martin and Faciane applied for permission to proceed *in forma pauperis,* which was necessary to waive prepayment of the filing fees. Since their applications required court approval, administrative delay was inherent in the nature of the suit. Indeed, the record reflects that a magistrate approved Martin's application on August 6, the date that the clerk subsequently entered the complaint.

Although the date on the clerk's stamp may generally provide persuasive proof of the date of filing, the court's acceptance of that date as dispositive is clearly unwarranted under the facts of this case. Clerical delay in the formal filing of this *in forma pauperis* complaint should not affect the operative event, that is, the receipt of the complaint by the court. The district court's failure to ascertain the true date of receipt is understandable since Martin and Faciane did not oppose the motion and therefore did not alert the judge to the fact that the filing stamp did not reflect the date that the clerk actually received the complaint. However, viewing the record in its entirety, we conclude that the court's finding that Martin and Faciane did not file their complaint until August 6 is not plausible and cannot be affirmed.

■ Demma and McCord urge us to affirm the judgment on other grounds. They contend that Martin seeks post-conviction relief that challenges the validity of his state incarceration. Accordingly, they argue that Martin's suit should be characterized as a petition for habeas corpus relief and dismissed for failure to exhaust state remedies. However, the record does not indicate whether Martin's custody status is a consequence of the acts challenged in his complaint or whether he has pursued state remedies. Further, Faciane apparently is not in state custody. Therefore, Demma and McCord should address these arguments to the district court.

■ Demma and McCord also contend that the suit is frivolous and should be dismissed, presumably pursuant to 28 U.S.C. § 1915(d). However, we believe that such a determination is premature at this early stage of the litigation. The district court could properly give Martin and Faciane an opportunity to amend their pleadings or a liberal construction of their *pro se* complaint might cure any alleged defects. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Thus we do not address this argument.

### III.

For the above reasons, the judgment is VACATED.