Eric Conrad MACK

v.

Lt. Thomas J. SALARNA, et al.

Civ. A. No. 86–1429.

United States District Court,
E.D. Pennsylvania.

May 13, 1988.

Eric Mack, pro se.

German, Gallagher & Murtagh, Philadelphia, Pa., Joanne M. Callahan, for plaintiff.

Peter J. Nolan, Media, Pa., for Lt. Thomas J. Salarna.

Peter J. Nolan, August T. Groover, Media, Pa., for Borough of Darby.

Joseph Goldberg, Philadelphia, Pa., for Delaware County, Detective David L. Peifer, and Detective Randy Martin.

## MEMORANDUM/ORDER

LOUIS H. POLLAK, District Judge.

Magistrate William F. Hall, Jr. has filed a Report and Recommendation in favor of granting the motion of defendants Delaware County, Detective Daniel Peifer and Detective Randy Martin to dismiss the complaint as against them [1] on the ground that claims against those defendants are barred by the statute of limitations. Plaintiff has objected to the Report and Recommendation, contending that my initial review under 28 U.S.C. § 1915 of the *pro se* complaint and *in forma pauperis* petition, and my dismissal of the claims against some defendants before the papers were filed, prevented those defendants from receiving timely notice that plaintiff had attempted to assert claims against them. It is plaintiff's position that such notice would have formed the predicate for relating amended claims subsequently asserted against those defendants back to the time the original complaint was submitted. Plaintiff's appearance *pro se in forma pauperis* should

---

1. Moving defendants are the only remaining defendants in this case since the complaint was dismissed as against defendants Lt. Salarna and the Borough of Darby by agreement of counsel on March 24, 1988.

not, he contends, prejudice any right he might have on the merits to recover.

■ Filing an *in forma pauperis* petition under 28 U.S.C. § 1915 with an accompanying complaint amounts to commencement of an action against those parties named in the complaint even though the complaint cannot technically be filed with the Clerk of Court until the court has granted plaintiff leave to proceed *in forma pauperis. See Paulk v. Department of Air Force*, 830 F.2d 79, 83 (7th Cir.1987); *Move Organization v. City of Philadelphia*, 530 F.Supp. 764, 766 (E.D.Pa.1982); *Krajci v. Provident Consumer Discount Co.*, 525 F.Supp. 145, 149 (E.D.Pa.1981). The original, *pro se* complaint in this case named Detectives Peifer and Martin as defendants, and specified that those individuals were employed by County of Delaware. Therefore, even though the complaint in this case was subject to prefiling judicial review and therefore was not initially served on the moving defendants, plaintiff's amended claims with respect to those defendants would ordinarily relate back to plaintiff's original filing. This is so because an amendment elaborating claims asserted against defendants who were originally named in the complaint is governed by the first sentence of rule 15(c).[2] The second sentence of rule 15(c), requiring actual notice to the defendants within the period of limitations, applies only when a party is to be brought into the case for the first time by way of an amendment to the complaint.

A consequence of the rule that a complaint submitted with an *in forma pauperis* petition is treated for statute-of-limitations purposes as if it were filed upon the submission of the petition is that often the claims are considered timely despite the absence of notice to defendants until some time after the limitations period has expired. In the ordinary case, that time is very brief, as where an *in forma pauperis* petition is filed, the limitations period expires, and the petition is thereafter granted and the complaint promptly served. Due to the unusual circumstances of this case, however, there is no evidence that the moving defendants received notice of the claims against them until fourteen months after plaintiff filed his *in forma pauperis* petition.

Plaintiff filed his petition on March 12, 1986. I granted him leave to proceed *in forma pauperis* on April 22, 1986 but dismissed the claims against the individual moving defendants as frivolous because plaintiff had alleged no facts in support of those claims. My order was served only on the defendant against whom plaintiff's claims survived as originally stated—i.e. Lt. Salarna—and the complaint was filed and served upon him on May 6, 1986. Upon receiving the April 22, 1986 order, plaintiff acted promptly in moving for appointment of counsel: Plaintiff filed his motion on May 6, 1986, and counsel was appointed on June 6, 1986. It was not until nine months later, however, that appointed counsel took action to reinstate the claims that plaintiff had originally attempted to assert against Detectives Peifer and Martin, and their employer, Delaware County.

■ Although notice to defendant within the period of limitations is not required under the special circumstances of *in forma pauperis* cases, in order to nonetheless serve the policies of the statute of limitations—including protecting defendants' ability to defend against claims, and preventing unwarranted delay on the part of plaintiffs or their counsel—reasonable efforts must be made to notify defendants promptly that a plaintiff intends to pursue claims against them. What constitutes a reasonable effort is bound to differ depending on the circumstances of the case and, in particular, on whether the plaintiff continues *pro se* or obtains appointed counsel. Some lag time is to be expected before a *pro se* litigant would recognize that some of the originally named defendants lacked

---

**2.** That sentence states that "whenever a claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth *or attempted to be set forth* in the original pleading, the amendment relates back to the date of the original pleading." (Emphasis added).

notice of the claims against them, and take steps to substantiate those claims in order that those defendants might be served. Once counsel has been appointed, however, substantially more prompt action is expected. In the context of this case, I conclude that the delay from June, 1986 to March, 1987 cannot be characterized as reasonably prompt. It would be unduly prejudicial to defendants to allow plaintiff to proceed against them at this late date. Accordingly, the Magistrate's Recommendation that the claims against defendants Delaware County and Detectives Peifer and Martin be dismissed as untimely is hereby ADOPTED and the complaint is DISMISSED.