**Kevin McCLELLAND, Plaintiff,**

**v.**

**HERLITZ, INC., Defendant.**

**Civ. A. No. CA3–87–1836–D.**

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 9, 1989.

Noemi A. Collie of Law Offices of Frank P. Hernandez, Dallas, Tex., for plaintiff.

James C. Karger and Douglas K. Magary of James C. Karger & Associates, P.C., for defendant.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

Defendant moves to dismiss plaintiff's amended complaint on the ground that it pleads a 42 U.S.C. § 1981 claim that is time-barred. Defendant contends the amendment cannot relate back as permitted by Fed.R.Civ.P. 15(c) because the underlying Title VII suit is also untimely. The court concludes that the Title VII action is not time-barred and denies the motion to dismiss.

### I.

Plaintiff, Kevin McClelland ("McClelland"), was discharged by defendant, Herlitz, Inc. ("Herlitz"), on April 8, 1986 and thereafter filed a discrimination complaint with the EEOC. On March 23, 1987 the EEOC issued a right-to-sue letter that McClelland received on March 25. On June 10, 1987 McClelland applied with this court for permission to proceed *in forma pauperis* by tendering to the clerk of court his proposed complaint and IFP application. On June 25, 1987 the 90-day period within which McClelland was required to file suit, *see* 42 U.S.C. § 2000e–5(f)(1),[1] expired. On July 26, 1987 the magistrate granted leave to proceed IFP and referred the action to a judge of this court. On July 27 the clerk of court filed plaintiff's *pro se* complaint.

Plaintiff thereafter retained counsel and on November 1, 1988 filed a second amended complaint in which he alleges for the first time a 42 U.S.C. § 1981 claim. The pleading was filed in excess of two years following the occurrence of the alleged discriminatory act. Herlitz contends the amended complaint cannot relate back to

the date the complaint was filed because the original Title VII claim is itself time-barred.

### II.

#### A.

To support its contention that the underlying Title VII claim is untimely, Herlitz first relies upon *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam), and *Firle v. Mississippi State Dept. of Education*, 762 F.2d 487 (5th Cir.1985), and argues that plaintiff did not submit the necessary documents to constitute the filing of "a civil action." Section 2000e–5(f)(1) requires an aggrieved party to file "a civil action" within 90 days after receiving notice of his right to sue. The rationale of *Brown* is that nothing in Title VII abrogates the requirement of Fed.R.Civ.P. 3 that a civil action be commenced by filing a complaint. Because a complaint consists of "a short and plain statement of the claim," *see* Rule 8(a)(2), the Court held in *Brown* that the filing of a right-to-sue letter is alone insufficient to constitute the filing of a civil action within the meaning of § 2000e–5(f)(1). 466 U.S. at 149–50, 104 S.Ct. at 1725. In *Firle* the plaintiff filed the notice of right-to-sue and a request for appointment of counsel, but did not file a pleading stating his claim until well after the expiration of the 90-day period. The Fifth Circuit found this to be insufficient under the reasoning of *Brown*. 762 F.2d at 488.

■ This court disagrees, however, that *Brown* and *Firle* are applicable to the present action. The Fifth Circuit suggested in *dictum* in *Firle*, 762 F.2d at 489, and the Eleventh Circuit held in *Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330, 1332 (11th Cir.1984) (on rehearing), that a claimant's filing with the district court the EEOC charge of discrimination is sufficient to comply with the "civil action" require-

---

1. 42 U.S.C. § 2000e–5(f)(1) provides, in pertinent part:

   [W]ithin ninety days after the giving of such notice a civil action may be brought against

   the respondent named in the [EEOC] charge....

ment of the statute. In the present action, McClelland tendered to the clerk his handwritten *pro se* complaint that contains a recitation of the grounds for his claim of racial discrimination. The court's examination of the pleading reveals that it is sufficient to comply with the requirement of Rule 8(a)(2) that McClelland set forth "a short and plain statement of [his] claim." The complaint, in turn, satisfies Rule 3 and § 2000e–5(f)(1).

### B.

Herlitz also argues that, even if the complaint is deemed sufficient, it was not filed within the 90–day period. Herlitz points out that the complaint was received by the magistrate on June 10, 1987 but was not actually filed by the clerk until July 27, 1987, after the magistrate granted plaintiff leave to proceed *in forma pauperis.* Herlitz thus contends that the complaint was untimely because the date the complaint was filed—July 27—rather than the date the complaint was first received—June 10 —is the determinative date for ascertaining compliance with § 2000e–5(f)(1). Although neither the parties nor the court has found a controlling determination of this question in the Title VII context, several courts have rejected defendant's argument in construing analogous limitations bars. *See, e.g., Martin v. Demma,* 831 F.2d 69, 71 (5th Cir.1987) (per curiam) (§ 1983 action); *Rosenberg v. Martin,* 478 F.2d 520, 522 n. la (2d Cir.), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973) (§ 1983 action); *Oliver v. Foster,* 524 F.Supp. 927, 930 (S.D.Tex.1981) (Fair Housing Act claim); *Demetrius v. Marsh,* 560 F.Supp. 1157, 1159–60 (E.D.Pa.1983) (§ 1983 ac-

tion). The court agrees instead with the reasoning Judge Barbour followed in deciding that the operative date for limitations purposes is the date the clerk of court[2] initially receives the complaint and the request for leave to proceed IFP:

> [S]ince the Plaintiff had no control over when the Magistrate would allow his Complaint to be filed, the operable date for the purposes of the statute of limitation is the date of receipt by the Clerk of the Court.

*Smith v. Ouzts,* 629 F.Supp. 1001 (S.D. Miss.1986) (§ 1983 action).

This result is consonant with the *Brown dictum* that suggests the 90–day period will not expire "where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon...." 466 U.S. at 151, 104 S.Ct. at 1725. Moreover, it does not unduly trammel the purposes for statutes of repose. Courts of justice are understandably concerned when called upon to enforce rules that have the potential to undermine other salutary doctrines. As one court recently noted:

> A consequence of the rule that a complaint submitted with an *in forma pauperis* petition is treated for statute-of-limitations purposes as if it were filed upon the submission of the petition is that often the claims are considered timely despite the absence of notice to defendants until some time after the limitations period has expired.

*Mack v. Salarna,* 684 F.Supp. 865, 866 (E.D.Pa.1988). This result can upset the underlying rationale for statutes of limitations, "including protecting defendants'

---

**2.** Defendant contends that cases that tie the timeliness determination to the date of receipt by the clerk are inapposite because plaintiff's IFP application and complaint were submitted to the magistrate. The court finds no meaningful distinction between submission to the clerk or to the magistrate. In either event the plaintiff has no control over the timing of the magistrate's decision whether to allow the complaint to be filed. In the present case the court's file contains a handwritten note that indicates the magistrate received the IFP application on June 10, 1987. There is no indication when the clerk's office first received the documents be-

fore transmitting them to the magistrate. Because such documents are initially tendered by litigants to the clerk prior to referral to a magistrate, and because under the court's holding today the operative date for the timeliness determination is the date of initial receipt by the clerk, the clerk is directed in all future cases to mark IFP applications "received" on the date they are first received in the clerk's office prior to referral to a magistrate. In the present case, the court will assume, unless Herlitz can prove the contrary, that the clerk of court at least received the IFP application on the same day it was referred to the magistrate.

ability to defend against claims, and preventing unwarranted delay on the part of plaintiffs or their counsel," *id.,* unless IFP applications are processed in a reasonable time.

This legitimate concern should not be as acute, however, in the context of Title VII. In order for a defendant to be subject to suit in district court, he must first be given notice of the charges filed against him with the EEOC and/or state agency and be afforded an opportunity to conciliate the charges. *See Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir. 1970). Unlike other types of actions, where a defendant may first be notified by the filing of a lawsuit that a party finds his conduct actionable at law, in the Title VII context a defendant will be initially notified by the filing of a discrimination charge. Moreover, the time within which a discrimination charge must be filed with the appropriate agency is itself regulated by time deadlines. The risk of stale claims and unwarranted delay is thereby diminished.

### III.

The court concludes that plaintiff's Title VII complaint was timely filed and that his § 1981 claim therefore relates back in accordance with Rule 15(c). The motion to dismiss is denied.

SO ORDERED.