**Mark STEPHENSON, Plaintiff,**

**v.**

**CNA FINANCIAL CORPORATION, Edward J. Noha, Senior Executive, Lawrence A. Tisch, Chief Executive, Dennis H. Chookaszian, Vice President, Thomas R. Igleski, Vice President, Barbara Demytrasz, Supervisor, and Chrissy Gresey, Defendants.**

**No. 90 C 06445.**

United States District Court, N.D. Illinois, E.D.

April 23, 1991.

Mark Stephenson, pro se.

James L. Coghlan, Coghlan, Joyce, Kukankos, Urbut & D'Arcy, Michael A. Pope, Pope & John, Ltd., Chicago, Ill., for plaintiff.

Jeffrey S. Goldman, Mari Rose Hatzenbuehler, Joel W. Rice, Fox and Grove, Chartered, Richard Alan Kaminsky, CNA Ins. Companies, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Before the court is a motion to dismiss filed by defendants CNA Financial Corp. ("CNA"), Edward J. Noha, Lawrence A. Tisch, Dennis H. Chookaszian, Thomas R. Igleski, Barbara Demytrasz, and Chrissy Gresey (collectively, "CNA defendants"). The motion is directed at plaintiff Mark Stephenson's three-count employment discrimination complaint. As set forth below, the motion is granted in part and denied in part.

On May 7, 1987, CNA fired Stephenson from his job as a program analyst. Five days later, on May 12, 1987, Stephenson filed a formal Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that he had been fired solely for racial reasons in violation of Title VII. On July 31, 1989 (more than two years later), the EEOC determined that the evidence did not establish a Title VII violation and issued its customary notice of right to sue, effectively giving Stephenson until November 15, 1989 to file suit in federal court. Stephen-

son, however, did not receive the right to sue notice until August 20, 1990.[1]

While incarcerated at Dixon Correctional Center (a situation apparently unrelated to the present suit), Stephenson mailed seven copies of his complaint, along with a petition to proceed in forma pauperis ("IFP"), to the Clerk of the Northern District of Illinois. He alleged in the complaint that CNA had violated Title VII (Count I) and the Fourteenth Amendment's due process and equal protection clauses (Counts II and III, respectively). The complaint and IFP petition were received by the district court clerk on November 5, 1990. On November 21, 1990, this court granted Stephenson's in forma pauperis petition.

■ A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as all reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.*, 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth* ).

■ The primary disputed issue before the court is whether Stephenson's complaint was timely filed within the meaning of Title VII's section 2000e–5(f)(1), which requires an individual to file suit within ninety days of receiving his notice of right to sue. The CNA defendants contend that Stephenson's complaint was untimely because it was "filed" on November 21, 1990 (the day the court granted Stephenson's IFP petition); counting ninety days past August 20, 1990, *see* Fed.R.Civ.P. 6(a), the complaint had to have been filed no later than November 19, 1990.

The CNA defendants' contention that Stephenson's complaint was untimely is entirely without merit. Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. The Seventh Circuit has determined that for purposes of Rule 3, a complaint is deemed "filed" when it is "placed in the custody of the district court clerk," *Smith–Bey v. Hospital Adm'r*, 841 F.2d 751, 757 n. 5 (7th Cir.1988) (citing *Gilardi v. Schroeder*, 833 F.2d 1226, 1233 (7th Cir.1987)), thus establishing November 5, 1990 as the relevant date, not November 21, 1990. In other words, Stephenson's complaint was timely filed seventy-six days after he received his right to sue notice.

In *McClelland v. Herlitz, Inc.*, 704 F.Supp. 749, 750 (N.D.Tex.1989), a case directly on point, the court held that a plaintiff much like Stephenson satisfied the requirements of section 2000e–5(f)(1). Plaintiff was terminated on April 8, 1986, and the EEOC issued its right to sue letter on March 23, 1987. Plaintiff received the letter two days later and was therefore required to file suit before June 25, 1987. On June 10, 1987, plaintiff gave the court clerk a copy of his proposed complaint and a petition to proceed in forma pauperis. On July 26, 1987, the magistrate judge assigned to the case granted the IFP petition. The next day the clerk filed the plaintiff's *pro se* complaint. The court denied the defendant's motion to dismiss the complaint as untimely and held that "the operative date for limitations purposes is the date the clerk of court initially receives the complaint and the request for leave to proceed IFP...." *Id.* at 751 (footnote omitted).

The court found that its holding did not compromise the overall rationale for statutes of limitations because in the Title VII context an employer had notice of claims against him long before the case was filed in court. The employer is notified of the

---

**1.** The CNA defendants do not dispute this date, or argue that Stephenson received notice of his right to sue prior to August 20, 1990.

charges at the time the employee files the formal charge of discrimination with the EEOC. We find this reasoning sound and therefore hold that plaintiff's complaint and IFP petition were timely filed on November 5, 1990 when received by the clerk. The CNA defendants' motion to dismiss Count I is therefore denied.

■ The motion also alleges that Stephenson failed to "affirmatively allege that the suit was filed within the 90 day statutory time frame" and therefore the complaint must be dismissed. The CNA defendants, however, provide no support for this proposition. They seem to be complaining that Stephenson did not explicitly state the date he filed the formal EEOC charge, or the date he received his right to sue letter, or the date he filed the complaint. All of the relevant dates, however, are contained in the exhibits attached to the complaint and are therefore part of the pleadings. *See Beam*, 838 F.2d at 244. We find that Stephenson's complaint, filed *pro se*, satisfies the requirement that the defendant be put on notice of the relevant facts of the case.

■ The CNA defendants also contend that Stephenson's claims based on violations of the due process and equal protection clauses of the Fourteenth Amendment should be dismissed because CNA is not a state actor. The motion to dismiss these counts is granted. The Constitution protects individuals from actions by the state, and not those of private actors. *Rendell–Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). The CNA defendants are private actors and the complaint is devoid of any allegation that CNA was acting as anything other than a private corporation. Therefore, Counts II and III of the complaint must be dismissed.[2]

Defendants' motion to dismiss the complaint is allowed as to Counts II and III and denied as to Count I. It is so ordered.

---

**2.** Stephenson has filed a "motion for summary judgment," which, because it is implicitly addressed to CNA's reply in support of the motion to dismiss, we will treat as a surresponse—that is, as an additional pleading in opposition to the dismissal motion. Stephenson's filing is clearly not a classic "summary judgment" motion; ¶ 3, for example, contends that "there are material facts involved, which when given the opportunity, Plaintiff will prove that he is entitled to judgment as a matter of law." Surresponse at 2. Stephenson's confusion as to what to title his pleading is understandable, given the *pro se* nature of his quest here; in the future, however, we advise him that leave of court is required before a surresponse or surreply can be filed.