[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-1979 

JUSTIN HOLMES,

Plaintiff, Appellant,

v.

LARRY DUBOIS, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge] 



Before

Cyr, Stahl, and Lynch, Circuit Judges. 



Justin Holmes on brief pro se. 
Nancy Ankers White, Special Assistant Attorney General, and 
Charles M. Wyzanski, Senior Litigation Counsel, Department of 
Correction, on motion for summary disposition for appellees.



MARCH 24, 1997


Per Curiam. As the defendants now concede, the 

plaintiff's action is not time-barred. The complaint, having

been submitted along with the in forma pauperis (IFP)

application on August 30, 1995, within the three year statute

of limitations period, was thereby timely. See Dean v. 

Veterans Admin. Regional Office, 943 F.2d 667, 671 (6th Cir. 

1991) (holding that, at least in the case where an IFP

application is subsequently granted, a complaint is deemed

timely filed, for statute of limitations purposes, if

presented to the district court along with the IFP

application within the statute of limitations period),

vacated on other grounds, 503 U.S. 902 (1992); Gilardi v. 

Schroeder, 833 F.2d 1226, 1233 (7th Cir. 1987) (same); Martin 

v. Demma, 831 F.2d 69, 71 (5th Cir. 1987) (same); see also 

Jarrett v. US Sprint Communications Co., 22 F.3d 256, 259 

(10th Cir.) (same) (dicta), cert. denied, 115 S. Ct. 368 

(1994).

They request that we affirm nonetheless on the ground

that the complaint is meritless. We decline to consider the

merits, leaving that review to the district court in the

first instance, both because it is the norm and because the

precise scope of the complaint is unclear. In an order

(apart from the judgment on the pleadings on statute of

limitations grounds) not addressed by either party, the

district court, with the agreement of the plaintiff, see 

-2-

documents 24 & 25, dismissed the complaint as against

defendants DuBois, Duval, Mahtesian, and Metrano. The

dismissal was recited to be with prejudice and, while the

subsequent judgment referenced both the dismissal order of

June 26, 1996 and the grant of the judgment on the pleadings

of July 23, 1996, plaintiff's notice of appeal referenced

only the July 23 ruling. Yet, insofar as the parties have

addressed the underlying merits of the complaint on this

appeal, the arguments appear to presume that, if the

complaint is not time-barred, the alleged liability of all

original defendants remains at issue. We leave it to the

district court, upon remand, to resolve, in the first

instance, the current scope of the complaint.

Vacated and remanded. No costs. 

-3-