USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1979  JUSTIN HOLMES, Plaintiff, Appellant, v. LARRY DUBOIS, ET AL., Defendants, Appellees. ___________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S. District Judge] ___________________ ____________________ Before Cyr, Stahl, and Lynch, Circuit Judges. ______________ ____________________ Justin Holmes on brief pro se. _____________ Nancy Ankers White, Special Assistant Attorney General, and ____________________ Charles M. Wyzanski, Senior Litigation Counsel, Department of ______________________ Correction, on motion for summary disposition for appellees. ____________________ MARCH 24, 1997 ____________________ Per Curiam. As the defendants now concede, the ___________ plaintiff's action is not time-barred. The complaint, having been submitted along with the in forma pauperis (IFP) application on August 30, 1995, within the three year statute of limitations period, was thereby timely. See Dean v. ___ ____ Veterans Admin. Regional Office, 943 F.2d 667, 671 (6th Cir. _______________________________ 1991) (holding that, at least in the case where an IFP application is subsequently granted, a complaint is deemed timely filed, for statute of limitations purposes, if presented to the district court along with the IFP application within the statute of limitations period), vacated on other grounds, 503 U.S. 902 (1992); Gilardi v. _________________________ _______ Schroeder, 833 F.2d 1226, 1233 (7th Cir. 1987) (same); Martin _________ ______ v. Demma, 831 F.2d 69, 71 (5th Cir. 1987) (same); see also _____ ________ Jarrett v. US Sprint Communications Co., 22 F.3d 256, 259 _______ _____________________________ (10th Cir.) (same) (dicta), cert. denied, 115 S. Ct. 368 _____________ (1994). They request that we affirm nonetheless on the ground that the complaint is meritless. We decline to consider the merits, leaving that review to the district court in the first instance, both because it is the norm and because the precise scope of the complaint is unclear. In an order (apart from the judgment on the pleadings on statute of limitations grounds) not addressed by either party, the district court, with the agreement of the plaintiff, see ___ -2- documents 24 & 25, dismissed the complaint as against defendants DuBois, Duval, Mahtesian, and Metrano. The dismissal was recited to be with prejudice and, while the subsequent judgment referenced both the dismissal order of June 26, 1996 and the grant of the judgment on the pleadings of July 23, 1996, plaintiff's notice of appeal referenced only the July 23 ruling. Yet, insofar as the parties have addressed the underlying merits of the complaint on this appeal, the arguments appear to presume that, if the complaint is not time-barred, the alleged liability of all original defendants remains at issue. We leave it to the district court, upon remand, to resolve, in the first instance, the current scope of the complaint. Vacated and remanded. No costs. _____________________ -3-